(Nos. 29914, 29923.—

ILLINOIS COMMERCE COMMISSION *et al.*, Appellants, *vs.*
NEW YORK CENTRAL RAILROAD CO. *et al.*, Appellees.

*Opinion filed September 18, 1947.*

12

GEORGE F. BARRETT, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and JAMES

C. MURRAY all of Chicago, of counsel,) for appellant the Illinois Commerce Commission; GALE R. FISHER, of Champaign, for appellant the city of Champaign.

HENRY I. GREEN, and ENOS L. PHILLIPS, both of Urbana, (JOSEPH A. McCLAIN, JR., RICHARD B. ELSTER, and T. A. McCORMICK, of counsel,) for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Champaign County, setting aside an order of the Illinois Commerce Commission requiring appellees, the New York Central Railroad Company and the Wabash Railroad Company, to install, operate and maintain additional flashing light signals and other protective devices at certain grade crossings in the city of Champaign.

The cause originated by a petition of the city of Champaign filed with the Illinois Commerce Commission, requesting that appellees be required to furnish additional grade crossing protection where their tracks intersect at grade level with Randolph, Neil, Wright, Poplar, Fifth, Washington, Market and State streets in the city of Champaign. The petition alleged that said railroad crossings are inadequately protected, are hazardous to the life and property of the people of the State, and are in perilous need of proper safeguards. Appellees filed answers and cross complaints. They denied the inadequacy of the present crossing protection and denied that the installation of additional equipment at said crossings is necessary for the safety of the public. They asserted that the present protective devices now in operation at the crossings are sufficient to adequately protect all traffic using the crossing and that, if the installation of any additional crossing protection is deemed necessary, the expense of the same should be borne by the city. By way of cross complaint it was

alleged that the grade crossings at Sixth, Fourth, Ash, Champaign, Bradley and McKinley streets in the city of Champaign are not necessary to the convenience of the public and in the interests of safety should be eliminated as public crossings.

After a hearing in which both the city and appellees participated, the commission entered an order abolishing the grade crossings at Ash and Sixth streets and directing appellees to install, maintain and operate certain new and additional protective devices, therein specified, at the Randolph, Neil, Wright, Poplar, Fifth, Washington, Market and State street crossings. It was further ordered that appellees bear the entire cost in connection with all changes required to be made. The order contained findings that public safety will be preserved and promoted by the abolishment of the Ash and Sixth street crossings and by the installation, maintenance and operation of the new and additional protective devices ordered at the eight other crossings, a finding that the elimination of the Ash and Sixth street crossings is the contribution of the city toward the project outlined in the order, and also a finding that the crossings at Wright and Poplar streets are extra-hazardous, due to their physical surroundings and the volume of highway and train traffic at these crossings.

The circuit court held the order of the commission to be unlawful and void. The commission and the city perfected separate appeals to this court. The subject matter of both appeals being the same, they have been consolidated and heard on one record in this court. Appellants assign as error the action of the circuit court in holding void and setting aside the order of the commission.

Section 68 of the Public Utilities Act allows an appeal to the circuit court from any final order or decision of the commission for the purpose of having the reasonableness or lawfulness of the order or decision inquired into and determined. (Ill. Rev. Stat. 1945, chap. 111⅔, par. 72.)

The appeal is statutory and the powers exercised by the court upon such appeal are restricted to those conferred by the statute. (*Brotherhood of R. R. Trainmen* v. *Elgin, Joliet and Eastern Ry. Co.* 374 Ill. 60.) The only issue before the court is the reasonableness and lawfulness of the commission's order. This issue includes a consideration of the questions whether the commission acted within the scope of its authority, whether the order is supported by the commission's findings and its findings, in turn, supported by substantial evidence, and whether constitutional rights have been infringed by the decision. *Illinois Central R. R. Co.* v. *Franklin County,* 387 Ill. 301.

In support of the judgment entered by the court below appellees contend that the order of the commission is void for want of sufficient findings of fact. Section 65 of the Public Utilities Act requires the commission, at the conclusion of a hearing upon any complaint, to make and render findings concerning the subject matter and facts inquired into and to enter its order based thereon. (Ill. Rev. Stat. 1945, chap. 111⅔, par. 69.) This is a mandate that the commission make findings of fact upon the principal issues of the case, which findings must be sufficiently specific to enable a court to intelligently review the decision of the commission and ascertain whether the facts found afford a reasonable basis for the order entered. (*Fleming* v. *Illinois Commerce Com.* 388 Ill. 138; *Rockwell Lime Co.* v. *Commerce Com.* 373 Ill. 309.) The validity of the order cannot be sustained unless the commission states its findings or conclusions, drawn from a consideration of the evidence, as to the existence of facts upon which the power exercised by the commission in entering the order is conditioned. Orders made by the commission must be based upon findings; and these findings, in turn, must be based upon substantial evidence. (*Lowden* v. *Illinois Commerce Com.* 376 Ill. 225.) If the findings support the order, then the court examines the evidence to

ascertain if the facts found are supported by the evidence; but if the findings do not support the order, then the order is void and the court is not called upon to examine the evidence to ascertain whether it discloses facts, which, if they had been found by the commission, would sustain its decision. (*Fleming* v. *Illinois Commerce Com.* 388 Ill. 138; *Yowell* v. *Cleveland, Cincinnati, Chicago and St. Louis Ry. Co.* 360 Ill. 272; *Peoples Fruit and Vegetable Shippers Ass'n* v. *Commerce Commission ex rel. Illinois Central R. R. Co.* 351 Ill. 329; *Chicago, Burlington and Quincy R. R. Co.* v. *Commerce Com. ex rel. Royal Rapid Corp.* 345 Ill. 576.) The commission and not the court is the fact-finding body. The court examines the evidence not to make findings for the commission but to ascertain whether its findings are properly supported.

The legislature, by the Public Utilities Act, created the Illinois Commerce Commission and vested it with general supervision of all public utilities. (Ill. Rev. Stat. 1945, chap. 111⅔, pars. 1 and 8.) But, while the act gives to the Commerce Commission jurisdiction and control over all public utilities, that jurisdiction and control is such only as is conferred by the terms of the statute. The commission has no arbitrary powers. (*Chicago Railways Co.* v. *Commerce Com. ex rel. Chicago Motor Coach Co.* 336 Ill. 51.) It is a legislative agency, created for the purpose of applying numerous details of regulatory police power over public utilities. (*Lambdin* v. *Commerce Com. ex rel. Assumption Mutual Tel. Co.* 352 Ill. 104.) It derives its power only from the statute and has no authority except such as is expressly conferred upon it. The authority for any order of the commission must be found in the statute. *Illinois Commerce Com. ex rel. East St. Louis, Columbia and Waterloo Ry. Co.* v. *East St. Louis and Carondelet Ry. Co.* 361 Ill. 606.

In its findings in the proceeding now under review, the Commerce Commission wholly failed to state any facts

which would show why appellees should install new and additional grade crossing protection at the Randolph, Neil, Fifth, Washington, Market and State street crossings, in the interest of public safety. The order does not purport to find that public safety, convenience or necessity require such additional protection, or that the existing crossing protection is inadequate to properly safeguard the public, or that said crossings are extra-hazardous. The commission makes no findings of any facts concerning the physical surroundings of these particular crossings or concerning the volume of highway and train traffic passing over the crossings. The only findings of any kind in regard to these crossings are findings (1) that certain described protective devices are now being operated and maintained by appellees at each particular crossing; (2) that certain designated new and additional protective devices should be installed at each of such crossings; and, (3) that by the installation thereof public safety will be preserved and promoted.

The commission clearly has authority in an appropriate proceeding to require the installation of new and additional grade crossing protection if the same is necessary to the public safety. But to justify the commission in requiring such new and additional protection it is not enough for the commission merely to find that the public safety will be thereby preserved and promoted. The question is not whether the additional protection will preserve and promote public safety. The commission could well make such a finding, without evidence before it, in any case of this character. That is not the entire issue before the commission. The primary question of fact presented for determination is whether the installation of additional grade crossing protection is required for or necessary to the safety of the general public. The legislature, in the passage of the Public Utilities Act, manifestly never intended to give the commission power to order the installation of new and

additional grade crossing protection unless such additional protection was required for the safety of the public. The power to make the determination whether the additional protection is so required is vested in the commission, but its finding to that effect is essential to the existence of its authority to order the installation of the additional protection.

It is well settled that the commission, in the exercise of its power to regulate grade crossings in the interest of public safety, necessarily possesses a wide discretion and may determine what the public interests require and also what measures are necessary for the protection and promotion of those interests. (*Illinois Central R. R. Co. v. Franklin County*, 387 Ill. 301; *City of Chicago* v. *Illinois Commerce Com. ex rel. Chicago and Western Indiana R. R. Co.* 356 Ill. 501.) It is also well settled, and this the appellants concede, that any grade crossing improvement desired by the commission can be ordered only when *necessary* to preserve or promote public safety. (*Illinois Central R. R. Co.* v. *Franklin County*, 387 Ill. 301; *City of Chicago* v. *Illinois Commerce Com.* 356 Ill. 501; *White County* v. *Louisville and Nashville R. R. Co.* 340 Ill. 42; *Chicago and Northwestern Ry. Co.* v. *Illinois Commerce Com.* 326 Ill. 625.) There is a very marked degree of difference between a finding that the installation of additional grade crossing protection will preserve and promote public safety and a finding that the installation of such protection is *necessary* to preserve and promote public safety.

The order of the commission is void for lack of sufficient findings of fact to justify the improvements which the commission ordered to be made at the Randolph, Neil, Fifth, Washington, Market and State street crossings. This being true, no necessity exists to consider any other questions raised on this record. Except in those instances where the commission has failed to receive evidence properly

proffered, (Ill. Rev. Stat. 1945, chap. 111⅔, par. 72,) the court in reviewing an order of the Commerce Commission must either confirm or set aside the order as a whole; and where the court reverses the order because a part of the same is invalid, it need not consider the validity of any other part of the order, since the invalidity of a part renders the entire order void. *Brotherhood of R. R. Trainmen* v. *Terminal R. R. Ass'n,* 379 Ill. 403; *Brotherhood of R. R. Trainmen* v. *Elgin, Joliet and Eastern Ry. Co.* 374 Ill. 60.

We are satisfied that the circuit court of Champaign County was correct in entering its judgment setting aside the order of the Commerce Commission in this proceeding, and said judgment is, accordingly, affirmed.

*Judgment affirmed.*