(No. 31834.—

CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant, *vs.* ILLINOIS COMMERCE COMMISSION, Appellee.

*Opinion filed September 21, 1951.*

C. W. KROHL, and R. F. CASEY, both of Chicago, and MURRAY & STEPHENS, of Centralia, (ELDON MARTIN, of counsel,) for appellant.

IVAN A. ELLIOTT, Attorney General, of Springfield, (MILTON MALIN, and CYRUS J. COLTER, of counsel,) for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Clinton County, affirming an order of the Illinois Commerce Commission directing the Chicago, Burlington & Quincy Railroad Company, at its sole expense, to install and thereafter maintain and operate automatic flashing light signals at two certain grade crossings in the village of Keyesport.

The complaint filed by the village alleges that the railroad company maintains a main line and passing track over both Porter Street and what is known as the Clinton and Bond County Line Road, over which are operated passenger and freight trains daily in large numbers, at high and dangerous rates of speed; that said streets are main streets in said village, much used by pedestrians and by automobiles and other vehicles, and for a long time have become very dangerous crossings due to the operation of said railroad trains over the intersections. It was further alleged that the intersections were particularly dangerous because, after the trains cross over the Kaskaskia River and come through the cut, the view of the train is hidden. The distance between the two intersections complained of is approximately 250 feet.

The petition prayed that the company be required to install additional grade crossing equipment or protection.

The appellant filed an answer denying that the intersections were dangerous crossings; or that the railroad operated passenger and freight trains over the intersections in large numbers or at high rates of speed, or that the streets are much used by pedestrians and automobiles. Appellant further denied that the installment of additional equipment or any other protection that is not now there was necessary, but the appellant further answered that if the commission found that public convenience and necessity and the public safety require further installations and protection, the same should be done at the cost of the petitioner, or the public authorities having jurisdiction over the crossings, or that the cost thereof be prorated on the basis of benefits received by the respective parties.

The answer of the appellant further proposed that in the village there is another crossing at Third Street, which is at grade, and over which there is very little pedestrian or vehicular traffic, and if protection was required at one or both of the other crossings above referred to, that the Third Street crossing be closed.

By an amendment to its answer, the railroad company suggested that if it seemed inadvisable to close the grade at Third Street, the crossing over Porter Street be closed as the Clinton and Bond County Line Road crossing is located within 250 feet of Porter Street crossing, and there is a driveway on the west side of the railroad tracks in the rear of appellant's depot which could be used to divert the traffic from Porter Street to said County Line Road, and appellant was willing to grant an easement to the general public for the use of said driveway on its property in the rear of its depot between the two said streets.

Keyesport is a village containing a population of about 600 people, located on the west side of the Kaskaskia River along the Clinton County-Bond County line. It is a farming community and has no manufacturing. In cross-

ing the Kaskaskia River, the line of appellant's railroad cuts through the village from southeast to northwest.

There was testimony at the hearing before the commission, showing that only two accidents since 1920, both at the Porter Street crossing, were recalled by the witnesses. One occurred when a car stalled on the crossing and the other when a driver released his brakes and let his car roll into a train.

At the hearing before the commission, further evidence was introduced on behalf of both the appellant and the village of Keyesport, at the close of which the commission entered an order finding in brief that train traffic on appellant's railroad through Keyesport and over the aforesaid crossings was medium in volume, consisting chiefly of one passenger train each way and several railroad freight trains daily; that since September 1, 1948, railroad freight traffic through said village had decreased to some extent, but mostly consisted of through trains, which did not stop in the village. The order further contained the results of a twelve-hour traffic count showing the number of pedestrians, trucks, automobiles and bicycles passing over each crossing on specified dates. The order further recited that certain buildings such as an elevator, corncrib, sheds and buildings, along the right of way, formed obstructions to the view of approaching trains at each of the crossings complained of, and that neither of said crossings is now provided with special protective facilities.

The commission declared, therefore, that the said crossings were each extra-hazardous within the meaning of section 58 of the Public Utilities Act, (Ill. Rev. Stat. 1949, chap. 111⅔, par. 62,) and that, in the interest of public safety, special protective facilities be required to be installed, maintained and operated at each of said crossings, at the cost of approximately the sum of $12,700. The order also found that the village of Keyesport did not have surplus

funds which could be used to defray any portion of the cost of installing flashing light signals; and that the appellant railroad should install the same solely at its own expense.

On appeal to the circuit court of Clinton County, the order of the commission was affirmed.

It is the contention of the railroad company that the order of the Commerce Commission is unreasonable, erroneous and void, (1) because it fails to make findings of fact upon the principles of the case, and (2) arbitrarily fails to apportion the cost of the flasher signals between the railroad and the village of Keyesport and other governmental bodies involved. This court has frequently held that the commission, in the exercise of its power to regulate grade crossings in the interest of public safety, necessarily possesses a wide discretion and may determine what the public interests require and also what measures are necessary for the protection and promotion of those interests. (*Commerce Commission* v. *New York Central Railroad Company,* 398 Ill. 11.) Section 68 of the Public Utilities Act provides that, "The findings and conclusions of the Commission on questions of fact shall be held prima facie to be true and as found by the Commission; and a rule, regulation, order or decision of the Commission shall not be set aside unless it clearly appears that the finding of the Commission was against the manifest weight of the evidence." (Ill. Rev. Stat. 1949, chap. 111⅔, par. 72.) As mentioned herein, the evidence discloses that a number of through freight trains pass over the two questioned crossings daily; that the crossings are used to a considerable extent by pedestrians, automobiles, trucks and bicycles; that certain buildings along the right of way form obstructions to the view of approaching trains at each of said crossings, and that the only protection at present consists of crossbuck signs. The testimony also shows a rather heavy use of the crossings by school children at certain hours of the day.

We believe there is sufficient evidence in the record to support the finding of the commission that the crossings involved are extra-hazardous. We do not consider that the record shows sufficient facts upon which the commission would be required to include in its order a finding that if additional signals are placed at the crossing on the County Line Road, the crossing at either Porter Street or Third Street should be closed.

On the remaining issue in the case concerning the apportionment of costs, we are of the opinion that appellant has just cause for complaint against the order entered by the commission. In commenting upon the powers of the commission under section 58 of the Public Utilities Act, this court said, in *Illinois Central Railroad Co.* v. *Franklin County,* 387 Ill. 301, at page 313, "The commission was expressly empowered to apportion the cost of such reconstruction, alteration, relocation or improvement between the railroad company or companies, or other public utilities affected, and the State, county, municipality or other public authority in interest." In the same case it was further stated, "In reviewing an order of the commission, the courts are limited to a consideration of the questions of whether the commission acted within the scope of its authority, whether it made findings to support its decision, whether the findings and the decision have a substantial foundation in the evidence, and whether constitutional rights have been infringed by the decision." In *Commerce Commission* v. *New York Central Railroad Co.* 398 Ill. 11, we said, "The validity of the order cannot be sustained unless the commission states its findings or conclusions, drawn from a consideration of the evidence, as to the existence of facts upon which the power exercised by the commission in entering the order is conditioned. Orders made by the commission must be based upon findings; and these findings, in turn, must be based upon substantial evidence."

The only finding made by the commission on the issue of apportioning the cost was that the village of Keyesport does not have surplus funds which could be used to defray any portion of the cost of installing flashing light signals at the crossings, and that the appellant railroad company should, at its sole expense, install, maintain and operate the same at both the Porter Street and County Line Road crossings.

The apportionment of the cost, by the commission, is as much an exercise of the police power as the determination of the necessity for the construction or improvement of a highway crossing. (*City of Chicago* v. *Commerce Commission,* 356 Ill. 501.) From an examination of the evidence, we do not deem that the finding of the commission imposing the sole expense for installing, maintaining and operating automatic flashing light signals at the aforesaid Porter Street and County Line Road crossings has any substantial foundation in the testimony. The mere statement that "The village of Keyesport does not have surplus funds" does not in any manner properly adjust and settle the question of benefits to the diverse interests of the railroad and other public authorities concerned.

We are of the opinion that the commission's finding on this issue is arbitrary and not supported by competent evidence. The shifting of the financial burden entirely upon the railroad corporation, without sufficient basis in the testimony, constitutes an infringement upon the constitutional rights of appellant.

The judgment of the circuit court of Clinton County is reversed in part, and the cause is remanded to the circuit court, with directions to remand the cause to the Commerce Commission for further hearing on the question of apportionment of costs.

*Reversed in part and remanded, with directions.*