(No. 31903.—

CHICAGO JUNCTION RAILWAY COMPANY *et al.*, Appellants, *vs.* ILLINOIS COMMERCE COMMISSION, Appellee.

*Opinion filed May 22, 1952—Rehearing denied September 15, 1952.*

580

MARVIN A. JERSILD, VICTOR L. LEWIS, and RICHARD O. OLSON, all of Chicago, for appellants.

IVAN A. ELLIOTT, Attorney General, of Springfield, (MILTON MALLIN, and ELLIS AMES BALLARD, of counsel,) for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This is an appeal from a judgment of the superior court of Cook County, which affirmed an order of the Illinois Commerce Commission.

This action originated with the filing of a petition by the city of Chicago asking that the commission order the replacement of a viaduct over Ashland Avenue in Chicago and apportion the cost thereof between the city and the Union Stock Yard and Transit Company of Chicago and the Chicago River and Indiana Railroad Company, the latter individually and as lessee of the Chicago Junction Railway. The Union Stock Yard and Transit Company appeared before the commission, but its motion to be dismissed was granted in the commission's final order.

The pertinent facts which were disclosed at the hearing showed that Ashland Avenue is a north and south public street in the city of Chicago, which has been widened from its original 80 feet to 100 feet for some nineteen miles, and the petition herein sought to eliminate one of the remaining narrow points in the street. The present forty-year-old bridge, which crosses Ashland Avenue between Thirty-ninth and Forty-first Streets, constricts the street's useable width to some 64 feet, which is further narrowed to 44 feet at the actual point of passage under the bridge. The grades have been separated by excavating Ashland

Avenue some 10 feet and putting the railroad tracks on a 7-foot elevation above the normal street grade. The excavation causes a constant drainage problem. In the center of the street, and under the bridge, is a center pier between two streetcar tracks. Passageways for the streetcars and traffic are 20 feet, 6 inches on each side of the center pier. Ashland Avenue is designated as an interstate trucking route, and near the bridge in question there is a congested industrial and commercial area to and from which a great deal of traffic flows. Some 500 trains move over the bridge each day, and a traffic count on June 15, 1949, showed that more than 21,000 vehicles passed under the bridge in a 16-hour period. A traffic light south of the bridge is difficult to see because of girders and columns supporting the bridge. Drainage problems sometimes cause only one lane under the bridge to be usable.

Following the hearing, the commission found that the bridge in existence severely constricted the usable width of Ashland Avenue; that it was not sufficiently strong to support weights of trains which reasonably should use it; that public convenience and safety required its removal and replacement by a structure built to modern standards which would provide reasonable and adequate facilities for both highway and railroad purposes. The commission thereupon ordered that the cost of the replacement structure be paid 65 per cent by the petitioner, and 35 per cent by the railroads.

To support their contention that the judgment of the superior court of Cook County should be reversed, appellant railroads contend that the order is void for insufficient findings of fact; that the findings are not supported by the evidence; that the order is not supported by the evidence; that the order does not comply with section 58 of the Public Utilities Act; and that the order deprives appellants of property without due process of law, denies

them equal protection, unduly burdens interstate commerce, and that therefore section 58 of the Public Utilities Act is an improper delegation of legislative authority.

The scope of review allowed in appeals from final orders of the Illinois Commerce Commission is limited. Authority to review is derived from the Public Utilities Act, (Ill. Rev. Stat. 1951, chap. 111⅔, par. 72,) section 68 of which provides that the findings and conclusions of the commission on questions of fact are to be held *prima facie* to be true, and the commission's order shall not be set aside unless it clearly appears that the finding of the commission was against the manifest weight of the evidence or that the order was without the jurisdiction of the commission.

There is here no doubt of the jurisdiction of the commission to pass on the merits of the factual situation. Appellants are clearly within the statutory definition of the term "public utilities" as set forth in section 10-3 of the Public Utilities Act, and section 58 of the act confers upon the commission the power by its order to require the reconstruction or improvement of any crossing of any railroad across any highway or public road, at whatever level, where after a hearing the commission finds that such reconstruction or improvement is necessary to preserve or promote the safety of the public or of the employees or passengers of such railroad, and the commission is given the power to apportion the cost of such improvement or reconstruction which it finds necessary between the parties involved. Therefore, the order of the commission here is within its powers if sustained by the evidence. *Illinois Central Railroad Co.* v. *Franklin County,* 387 Ill. 301.

The appellants object to the commission's order on the ground that it contains insufficient findings of fact. We find no merit in that contention. It is not necessary that a particular finding be made as to each evidentiary fact or

claim. (*Chicago, Burlington and Quincy Railroad Co.* v. *Commerce Com. ex rel. Brotherhood of Railroad Trainmen,* 364 Ill. 213.) The commission found in brief that the bridge in question was some 40 years old, and is in a deteriorated condition, that it severely constricted the usable width of Ashland Avenue, and that the public convenience, safety, and necessity required the removal of the old bridge and its replacement by a new one built to modern standards.

In *Chicago & West Towns Railways, Inc.,* v. *Commerce Com.* 397 Ill. 460, 467, we said, "The statute requires the commission to make findings of fact upon the issues from the evidence in the case, which must be such as to enable a court to intelligently review the decision of the commission and ascertain whether the facts offered a reasonable basis for the order entered." We believe that the findings of fact by the commission, which need not recite each bit of evidence which leads to the conclusion of fact, are sufficient to support the order, and are in compliance with the terms of the statute.

Having decided that the facts found support the order, the statute and prior decisions require that we determine whether the findings are based on substantial evidence. (*Commerce Com.* v. *New York Central Railroad Co.* 398 Ill. 11; *O'Keefe* v. *Chicago Railways Co.* 354 Ill. 645; *Chicago and Eastern Illinois Railway Co.* v. *Road Dist. No. 10,* 353 Ill. 160.) In *Chicago, North Shore and Milwaukee Railroad Co.* v. *Commerce Com. ex rel. Department of Public Works,* 354 Ill. 58, 73, we commented, "From the mere fact that the order of the Commerce Commission does not comment upon the evidence of the railroad companies it does not follow that such evidence was not considered by the commission. * * * While we might not be disposed to agree in the first instance with the cost of the proposed improvement as apportioned between the appellant and the appellees, yet under the deci-

sions of this court our investigation is limited to the question of whether or not the commission acted within the scope of its authority and whether its findings are without any foundation in the evidence, or whether a constitutional right has been infringed by such findings." And, more recently, in *City of Granite City* v. *Commerce Com.* 407 Ill. 245, this court said that where the record is cumbersome, the commission cannot state the evidence in detail, and that, after an examination of the evidence, the court was not justified in saying that the order was *contra* to the manifest weight of the evidence. Where the sufficiency of the evidence to support the order of the commission is questioned, the order cannot be set aside unless it is clearly against the manifest weight of the evidence. *South Chicago Coal and Dock Co.* v. *Commerce Com.* 365 Ill. 218.

We have carefully examined the evidence in the instant case and conclude that it cannot be said that the commission's findings are without foundation in the evidence. In any controversy worthy of the name, there are contentions for both points of view. But we are not, on review of the commission's order, a fact-finding tribunal. (*Commerce Com.* v. *New York Central Railroad Co.* 398 Ill. 11; *Brotherhood of Railroad Trainmen* v. *Elgin, Joliet and Eastern Railway Co.* 374 Ill. 60; *Moline Consumers' Co.* v. *Commerce Com. ex rel. Chicago, Burlington and Quincy Railroad Co.* 353 Ill. 119.) We find sufficient evidence in the record to sustain the Commerce Commission's order. The provisions of the order are not against the manifest weight of the evidence, and the evidence provides a sufficient basis for the findings of fact.

In its final order, the commission apportioned 35 per cent of the cost of reconstruction to the appellants, and 65 per cent thereof to the city of Chicago. We have already dealt generally with the appellants' objection that there were no findings to support the apportionment of costs by deciding that the facts support the commission's order,

and the evidence supports both the facts found and the order. The amount of cost to be apportioned to the affected parties is a matter for the commission to determine from the evidence. If it is based on the evidence, it is lawful. It is neither necessary nor proper for us to recite the evidence supporting the apportionment. Appellants claim the apportionment is arbitrary because it assesses them for a public improvement from which they derive no benefits. This contention is without merit. As an adjunct to its right to regulate intersections of this type under the police power, the commission also has the delegated authority to apportion the cost of repair or reconstruction when the same has been determined to be necessary. (*Illinois Central Railroad Co.* v. *Franklin County,* 387 Ill. 301; *City of Chicago* v. *Commerce Com. ex rel. Chicago and Western Indiana Railroad Co.* 356 Ill. 501.) Under the statute, the commission has the discretion to determine how the cost shall be apportioned, (*Chicago, Burlington & Quincy Railroad Co.* v. *Commerce Com.* 410 Ill. 60,) and we have held that this is a matter for the commission to determine from the evidence. (*Illinois Central Railroad Co.* v. *Franklin County,* 387 Ill. 301.) If the evidence supports the apportionment order, as we believe it does here, lack of benefit to the party protesting it is not a controlling factor. In *Chicago and Northwestern Railway Co.* v. *Commerce Com.* 326 Ill. 625, 628, in answering the contention that the appellants advance here, we said: "A railroad is a public utility deriving its franchise from the State, and by accepting the same agrees to submit to all burdens, conditions and regulations imposed by the State with reference to its tracks and their intersections with highways necessary to promote or secure the safety of the traveling public." And, further, at page 629, "The police power of the State is, however, in matters touching the public safety, a broad one, and, undoubtedly for the promotion of public safety, railroad property may in a proper case be subjected to

uncompensated obedience to police regulations * * * and the railroad company compelled to re-locate its crossing of a highway and at its expense change from an overhead crossing to a subway where necessary to promote or preserve the public safety." In *Nashville, Chattanooga & St. Louis Railway Co. v. Walters*, 294 U.S. 405, the United States Supreme Court even advanced the theory that apportionment of cost to a railroad might be valid though the improvement benefited commercial highway users who made no contribution toward its cost. Where the police power is the basis of such an assessment, benefit to the party assessed is not necessary for the validity of the decision governing the assessment.

Nor do we agree with the appellants that the apportionment here, 35 per cent to the appellants and 65 per cent to the city, is unreasonable and without basis. The evidence shows both parties to be involved in any construction at this point on Ashland Avenue. After careful consideration, we deem the amounts here apportioned equitable in view of the evidence. The same and even higher apportionment of cost has been alloted to railroad companies in similar circumstances. *Chicago, North Shore and Milwaukee Railroad Co. v. Commerce Com.* 354 Ill. 58; *City of Chicago v. Commerce Com.* 356 Ill. 501.

The appellants also advance the contention that the order is invalid because it does not apportion part of the cost to the Chicago Transit Authority whose streetcar tracks run under the bridge in question on Ashland Avenue. This contention is based on that part of the Public Utilities Act (section 58,) which states, "the commission may direct such reconstruction, alteration, relocation or improvement to be made in such manner and upon such terms and conditions as may be reasonable and necessary, and may apportion the cost of such reconstruction, alteration, relocation or improvement between the railroad company or companies and other public utilities affected, or between

such company or companies and other public utilities and the State, county, municipality, or other public authority in interest." The appellants base their position on the theory that the word "may" in connection with the power to apportion should be read "shall," and that the word "or" should be read "and." This interpretation would make it mandatory upon the commission to assess every party who could conceivably be affected by reconstruction, alteration, relocation, or improvement. We find this position untenable, and believe that the statute is permissive, not mandatory. (*Boddiker* v. *McPartlin,* 379 Ill. 567; *Hairgrove* v. *City of Jacksonville,* 366 Ill. 163; *Fenske Bros., Inc.* v. *Upholsterers International Union,* 358 Ill. 239.) It is the commission's function to determine to whom the costs shall be apportioned, on consideration of the evidence presented.

We believe, however, that there is another reason why the lack of apportionment to the Chicago Transit Authority cannot here be controlling. In fact, we are of the opinion that it cannot rightfully be considered. In their petition for rehearing appellants alleged that the findings and the order of the commission with regard to apportionment are contrary to the evidence, arbitrary, and unconstitutional, and that the order is contrary to law and to the manifest weight of the evidence. We do not agree with appellants that these allegations are sufficient to raise the point in this court. Section 68 of the Public Utilities Act reads "nor shall any person or corporation in any court urge or rely upon any grounds not set forth in such application for a hearing before the Commission." We have previously ruled that appeals from Commerce Commission orders are purely statutory and must be prosecuted in accordance with the statute. (*City of Granite City* v. *Commerce Com.* 407 Ill. 245; *Brotherhood of Railroad Trainmen* v. *Elgin, Joliet and Eastern Railway Co.* 382 Ill. 55; *Village of Waynesville* v. *Pennsylvania Railroad Co.* 354 Ill. 318.)

In the *Granite City case,* the commission and the railroad were defending the issuance of an order permitting discontinuance of certain passenger trains, which were being operated by virtue of a previous commission order that was the result of a compromise. The city challenged the new order, contending that it could be based only on allegation and proof that conditions had changed so as to make the previous order unreasonable. In answer thereto, the commission and the railroad said they were not barred by failure to so allege in the railroad's application for rehearing, and that they needed only to allege the previous order was unreasonable and unlawful. This court there said, at page 250: "We cannot feel that justice or the intent of statute would be served by the adoption of the construction sought by the appellants here. The purpose of requiring the matters to be raised in the petition for rehearing is to inform the Commission and the opposing parties wherein mistakes of law and fact were made in the order. A general allegation could not inform the commission or the opposing party of one mistake of law as opposed to another. The language in the act (Ill. Rev. Stat. 1949, chap. 111⅔, par. 71,) is sufficiently specific to require in unequivocal terms the propositions relied upon by the person petitioning for the rehearing. Under these circumstances, we feel that a proper construction of the statute requires the allegations in the petition for rehearing be sufficiently specific to apprise the commission and opposing parties of the actual points relied on. In this case, the petition should have contained a direct allegation that the second order was contrary to the first order, was based upon the same facts, and therefore, was contrary to law. Such was not the case here."

We are of the opinion that the *Granite City case* and the instant case are parallel on this point. The general allegations of unreasonableness and unlawfulness are in-

sufficient to allow appellants here to raise the specific objection of lack of apportionment to the Chicago Transit Authority.

Appellants' final attack on the order is directed toward its constitutionality in relation to due process, equal protection, burdensomeness on interstate commerce, unlawful delegation under the Public Utilities Act, and the validity of section 58 of the act. The Public Utilities Act has been held not to constitute an unlawful delegation of power to the Commerce Commission. (*Brotherhood of Railroad Trainmen* v. *Elgin, Joliet & Eastern Railway Co.* 382 Ill. 55.) It should be sufficient to say, with regard to the general issues of constitutionality, that the police power of a sovereign to reasonably regulate and promote the general welfare of its citizens is not restricted by a State or Federal constitution. As we have previously said, "The constitution supposes the pre-existence of the police power, and its construction must be with reference to that fact." *Chicago and Northwestern Railway Co.* v. *Commerce Com.* 326 Ill. 625, 628.

This court does not believe the validity of section 58 can be questioned here. We have found no facts or evidence which tend to show that the statute is unconstitutional as applied to the appellants, and we have already set forth that the statute is, and has been held to be, constitutional generally.

Having found herein that the commission acted within the scope of its authority, that it found facts to support its order, which facts had a substantial foundation in the evidence, and that no constitutional rights were infringed by the order, it follows that the order appealed from was proper and should be affirmed.

The judgment of the superior court of Cook County affirming the order of the Illinois Commerce Commission is hereby affirmed.

*Judgment affirmed.*