(No. 37482.—

ARTHUR T. GALT *et al.,* Appellants, *vs.* ILLINOIS COMMERCE COMMISSION, Appellee.

*Opinion filed September 27, 1963.*

502

CLARENCE F. MARTIN, of Chicago, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (EDWARD V. HANRAHAN, Special Assistant Attorney General, and HAROLD A. COWEN, Assistant Attorney General, of counsel,) for appellee.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The highways division of the Department of Public Works and Buildings petitioned the Illinois Commerce Commission for permission to separate the grades at a railroad crossing of a highway in Cook County. The owners of certain property adjacent to the highway were permitted to intervene, and objected to the proposed improvement on the ground that the crossing was not extrahazardous. After a hearing the Commission entered an order allowing the grade separation. Intervenors then obtained review in the circuit court of Cook County, and from an adverse decision there they appeal directly to this court under section 69 of the Public Utilities Act. Ill. Rev. Stat. 1961, chap. 111⅔, par. 73.

It is necessary at the outset to consider the Commission's objection, made for the first time in this court, that the intervenors are not persons "affected" by the order of the Commission, within the meaning of the statute. Section 68

of the Public Utilities Act provides for appeal to the circuit or superior court by "any person or corporation affected by such rule, regulation, order or decision * * *." Ill. Rev. Stat. 1961, chap. 111⅔, par. 72.

As we have indicated above, the Commission permitted these persons to intervene in the initial proceedings before that body, as it is authorized to do by section 65 (Ill. Rev. Stat. 1961, chap. 111⅔, par. 69), and it interposed no objection of the present nature on the intervenors' appeal to the circuit court. The issue now sought to be raised concerning the capacity of intervenors as persons "affected" by the decision has not been tried, therefore, and however much this court may feel that the present intervenors lack this capacity such a factual determination is beyond the scope of its function. Unless the question is first raised and decided below there is nothing for this court to review. We must accordingly determine, on the merits, whether the circuit court properly upheld the reasonableness of the order.

The two main-line tracks of the Wisconsin Central Railroad cross North Avenue, the highway involved here, between First Avenue and Fifth Avenue a short distance east of the village of Melrose Park. North Avenue is a heavily traveled thoroughfare having two lanes, each 20 feet wide, and a 12-foot median strip. It carries a traffic volume of 30,000 vehicles per day at the place in question, and there are 20 to 30 train movements a day over the crossing. The Department of Public Works and Buildings, Division of Highways, is in the process of widening the highway to two 36-foot pavements and a 12-foot median strip. It proposes to separate the grades at the crossing by constructing an underpass, and an agreement on the plans and other details was reached with the railroad.

The intervenors, who alleged their property would be adversely affected, contend that the grade separation was not shown to be necessary for public safety. They argue,

in support of this, that the Department failed to prove the crossing to be extra-hazardous, that not only is there an absence of evidence thereof but the Department expressly admitted it did not seek a grade separation on such ground. Also relied upon is the fact that despite the heavy traffic no accident or collision was shown to have ever occurred at the crossing.

There is no merit in the intervenors' contention. Section 58 of the Public Utilities Act empowers the commission, after a hearing, "to alter or abolish any grade crossing, heretofore or hereafter established, when in its opinion, the public safety requires such alteration or abolition, * * * or to require a separation of grades, at such crossings; * * *." Ill. Rev. Stat. 1961, chap. 111⅔, par. 62.

Nor can we accept the intervenors' argument based upon the Department's failure to prove a history of accidents at this crossing. The mere absence of accidents, if such be the case, is not decisive. As we pointed out in *Commerce Com. ex rel. City of Bloomington* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.,* 309 Ill. 165, 171, "It is not necessary for the public to wait until much of its property has been destroyed and many lives have been lost by reason of collisions at a crossing before the crossing can be declared to be dangerous." Whether it is reasonable to require a separation of grades is a question of fact, to be decided in the light of all the facts and circumstances in evidence including the location of the crossing, its surroundings, and the volume of traffic using it. *Town of Sidney* v. *Wabash Railway Co.* 333 Ill. 126; *Commerce Com. ex rel. City of Bloomington* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 309 Ill. 165.

We have examined the evidence in the case at bar— including expert testimony that the proposed grade separation is necessary for public safety, especially in view of the contemplated widening of North Avenue and the expected

increase in traffic—and find ample support therein for the commission's order. It is unnecessary to relate it in further detail here. As we have heretofore pointed out, this court is not a fact-finding tribunal, and in a case of this nature our investigation is limited to the questions whether the commission acted within the scope of its authority, whether its findings have substantial foundation in the evidence, and whether a constitutional right has been infringed. (*Chicage Junction Railway Co.* v. *Commerce Com.* 412 Ill. 579.) An order which it has authority to make and which cannot be said to be contrary to the manifest weight of the evidence will not be disturbed.

The circuit court of Cook County was correct in affirming the order of the Illinois Commerce Commission, and its judgment is accordingly affirmed.

*Judgment affirmed.*