274

CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant, *vs.* ILLINOIS COMMERCE COMMISSION *et al.,* Appellees.

*Opinion filed Sept. 28, 1965.—Rehearing denied Nov. 18, 1965.*

CARL W. KROHL, JEROME F. DIXON, and LAWRENCE J. FLYNN, all of Chicago, and BULL, LUDENS AND POTTER, of Morrison, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (EDWARD G. FINNEGAN, Assistant Attorney General, of counsel,) for appellee Illinois Commerce Commission.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The Chicago, Burlington & Quincy Railroad (Burlington) has appealed from an order of the circuit court of Whiteside County confirming an order of the Illinois Commerce Commission granting the Department of Public Works and Buildings of the State of Illinois permission to extend Avenue F at grade across the tracks of the Burlington and the Chicago and North Western Railroad (North Western) in the city of Sterling. The appeal is pursuant to section 69 of the Public Utilities Act. Ill. Rev. Stat. 1963, chap. 111⅔, par. 73.

In February, 1962, the Department of Public Works and Buildings filed with the Commission its petition for permis-

sion to separate the grade of Avenue G from the North Western tracks, and for the extension of Avenue F across the tracks of the North Western and Burlington. (Avenue F has heretofore ended short of the tracks.) On May 31, 1962, the Commission entered an order granting the proposed separation of grade at Avenue G and denying the proposed extension of Avenue F.

In June, 1962, the Northern Illinois Water Corporation filed its petition for leave to intervene and for a rehearing on the Commission's order of May 31, 1962. The city of Sterling filed a petition for rehearing in July, 1962, averring, among other things, that the extension of Avenue F at grade level was necessary for the safety and welfare of the citizens of Sterling apparently because of the limited access of emergency and other vehicles into the area. The Commission allowed the water company to intervene and granted the petitions for rehearing, but only with respect to that part of its order which related to the proposed extension of Avenue F.

The Burlington then filed its cross-petition seeking to have a pedestrian crossing at grade retained at Avenue G. On September 25, 1962, the Commission entered an interim order requiring the maintenance of such a pedestrian crossing. Finally, on October 24, 1962, the Commission entered its order granting permission to extend Avenue F at grade and ordering that the pedestrian crossing at Avenue G be discontinued.

The proposed extension of Avenue F would provide a third access street across the Burlington and the North Western railroad tracks to the area lying between the Rock River on the south and the railroad tracks on the north. A Northwestern Steel and Wire Company plant, employing about 3,000 men on a three shift basis, lies along the north bank of the Rock River between Avenue B on the east and Avenue K on the west. The area between the tracks and the river is primarily industrial, but there are about 400 inhabi-

tants, including some 225 children, living there. There are two east-west streets, Wallace and Miller, between the tracks and the river, and two north-south streets, Pike and Bass, which connect Wallace and Miller but do not cross the tracks or the river.

Avenue B, and Avenue K which is 3450 feet to the west, are presently the only means of access to this area from north of the railroad tracks. Prior to the Commission's order of May 31, 1962, authorizing the separation of the grade of Avenue G and the Burlington and North Western railroad tracks, Avenue G, located midway between Avenues B and K, provided a third means of access to that area. However, it also continued up a grade to a bridge over the Rock River, thereby carrying through traffic between Rock Falls and Sterling. To facilitate the flow of this through traffic, the Commission authorized the construction of an Avenue G overpass from north of the railroad tracks directly to the bridge over the Rock River, so that traffic between Rock Falls and Sterling would over-pass the congested area between the river and the Burlington and North Western tracks. Access to this industrial and residential area by means of Avenue G would thus be eliminated, but Avenue F, one block east of Avenue G, would provide a substitute access street.

The tracks of the Burlington end west of the proposed extension of Avenue F, 100 feet east of Avenue G. From this point west, the Burlington uses the tracks of the North Western. It conducts its switching operations between Avenue B and Avenue G and also uses two interchange tracks between Avenues B and G with the North Western. The proposed extension of Avenue F would result in impairment of the Burlington's switching operations in that it would have to break up its trains at Avenue F to avoid blocking traffic. Extensive hearings were held and the record consists of more than 700 pages of testimony and 67 exhibits. On the basis of this record, the Commission made findings with

respect to the type of area to be served, the volume and kind of traffic to, from and in the area, the ability of emergency vehicles to serve the area, and the amount of pedestrian traffic, especially children, across the railroad tracks.

The Burlington contends (1) that there is no substantial evidence in the record to support the order, therefore it is arbitrary and unreasonable, and public safety, convenience and necessity were not established, and (2) that the extension of Avenue F at grade across its tracks would seriously impair its switching operations.

After carefully examining the record in this case we cannot say that the findings and the order of the Commission were against the manifest weight of the evidence. The testimony of the fire chief, police chief, mayor, traffic officer, city enginer, school superintendent, and several city councilmen from Sterling tended to show that public safety, convenience and necessity required the extension of Avenue F at grade to take people into and out of this area as a substitute for Avenue G. While the proof establishes that some inconvenience will be suffered by the Burlington, it is apparent on the other hand that the proposed changes will be to the best interest and safety of the public. Under the provisions of section 68 of the Public Utilities Act, (Ill. Rev. Stat. 1963, chap. 111⅔, par. 72) the Commission's findings are *prima facie* true. Unless it clearly appears that the Commission's findings are against the manifest weight of the evidence, or that the Commission lacked jurisdiction to enter the order, its order should not be set aside. *Galt* v. *Illinois Commerce Com.* 28 Ill.2d 501; *Forest Preserve District of Du Page Co.* v. *Illinois Commerce Com.* 12 Ill.2d 319; *Chicago Junction Railway Co.* v. *Illinois Commerce Com.* 412 Ill. 579.

The judgment of the circuit court of Whiteside County confirming the order of the Illinois Commerce Commission is affirmed.

*Judgment affirmed.*