(No. 43144.—
UNITED CITIES GAS COMPANY, Appellant, *vs.* ILLINOIS COMMERCE COMMISSION *et al.,* Appellees.

*Opinion filed March 16, 1971.*

CHAPMAN AND CUTLER, of Chicago, (JOHN N. VANDER VRIES and DANIEL J. KUCERA, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, (PETER A. FASSEAS, Special Assistant Attorney General, of counsel,) for appellee Illinois Commerce Commission.

NAFZIGER & OTTEN, of Springfield, for appellee Central Illinois Public Service Company.

Mr. JUSTICE WARD delivered the opinion of the court:

This appeal concerns competing applications of United Cities Gas Company (hereafter, United) and Central Illinois Public Service Company (hereafter, C.I.P.) for a certificate of convenience and necessity from the Illinois Commerce Commission to provide natural gas service in the village of Broughton. The applications of the two utilities were consolidated for hearing and order, and on March 19, 1969, the Commission entered an order granting the application of C.I.P. and denying that of United . A rehearing was allowed upon the petitions of United and the village of Broughton and, after hearing additional evidence, the Commission on July 16, 1969, confirmed its grant of a certificate to C.I.P. United's petition for an additional rehearing was denied and the circuit court on appeal affirmed the decision of the Commission. Under our Rule 302(a) (Ill. Rev. Stat. 1969, ch. 110A, par. 302(a), 43 Ill.2d R. 302) United has appealed to this court.

The village of Broughton is in Hamilton County. In their applications United and C.I.P. proposed to serve Broughton by constructing a two-inch gas transmission main from what would be a new tap on the Texas Eastern pipeline, approximately three miles south of Broughton in Saline County. The transmission main proposed by both companies would transverse approximately the same area and potential customers along the route to Broughton would thus be offered service by either utility. The order of the Commission contained a finding that the village of Broughton is approximately nine air miles distant from the nearest community served by United and approximately 17 air miles distant from the nearest community served by C.I.P. Also, while both applicants have been operating gas distribution systems in a general area of the State which included the village of Broughton, the initial order of the Commission found that neither applicant had made a determined effort to provide gas service in Broughton in the past.

The Commission found in its order on rehearing that neither utility enjoyed a significant superiority in considerations of public convenience and necessity, such as (a) qualifications of servicemen, (b) length of service pipe installed free of extra charge, (c) customer deposits, (d) level of rates, (e) main extension policy, (f) billing period, (g) system gas pressures, (h) system pipelines size, (i) system investment, (j) communications with servicemen, (k) status of supply of natural gas allocations or negotiations, and (l) ability to provide efficient, safe and adequate service. The Commission granted the certificate to C.I.P. because "Central Illinois was the first public utility operating in the general area of the Village of Broughton to publicly demonstrate and hold itself out to provide natural gas service in the Village of Broughton" and (by reason of filing its application first on March 26, 1968) C.I.P. was the first to make a public commitment of its wish to provide gas service in Broughton and to go forward with plans to do so. The order stated further: "where competing applications for certificates of public convenience and necessity are filed by two or more qualified and competent applicants and where the choice between the utilities with respect to rates, rules and regulations and service does not materially favor one over the other, as is the case herein, it is in the over-all long range public interest to give preference to the utility which first publicly demonstrates a willingness to provide service and actively pursues its intention to provide service in a previously unserved area; such a policy will assure the most rapid development of utility service in existing unserved territories of the State of Illinois."

United argues here that it should have been granted the certification because (1) the Commission's order on rehearing erroneously omitted findings contained in its original order and failed to make findings of fact as to evidence received on rehearing; (2) it is the applicant better qualified

and able to provide safe and adequate service; (3) service to Broughton is a natural extension of United's present operations in the Harrisburg area and will make for an integrated system; (4) United has a long established and fully-equipped gas service office in Harrisburg, whereas C. I. P. has no personnel for gas service within 50 miles of Broughton; (5) C. I. P. has lost and forfeited its franchise; (6) the village of Broughton wishes United to provide the service and does not want service from C. I. P.; (7) United is the only applicant to offer to extend service without charge to the entire village; (8) United's rates for gas service are lower; (9) United is the only applicant to promote the useage of gas service; (10) United is the only applicant who has expeditiously sought to serve Broughton; (11) no factors favor C. I. P.'s application to serve Broughton and (12) United is the first in the field.

The evidence offered on the issues raised by United was conflicting and the Commission has found against United's assertions on these issues. We said in *Chicago, Burlington & Quincy Railroad Co.* v. *Illinois Commerce Com.*, 33 Ill.2d 274, at 277, "Under the provisions of section 68 of the Public Utilities Act, (Ill. Rev. Stat. 1963, ch. 111⅔, par. 72) the Commission's findings are *prima facie* true. Unless it clearly appears that the Commission's findings are against the manifest weight of the evidence, or that the Commission lacked jurisdiction to enter the order, its order should not be set aside. *Galt* v. *Illinois Commerce Com.*, 28 Ill.2d 501; *Forest Preserve District of Du Page Co.* v. *Illinois Commerce Com.*, 12 Ill.2d 319; *Chicago Junction Railway Co.* v. *Illinois Commerce Com.*, 412 Ill. 579."

Our expression in *Chicago North Shore and Milwaukee Railroad Co.* v. *Commerce Com. ex rel. Dept. of Public Works and Bldgs.*, 354 Ill. 58 at 74, is pertinent too: "The orders of the Commerce Commission are, and of right ought to be, entitled to great weight, and can be set aside

only when it is clearly apparent that such orders are arbitrary or are unreasonable or directly contravene some established rule of law. The law does not authorize this court to try the question in controversy anew and substitute its judgment for that of the Commerce Commission. (*Campbell* v. *Commerce Com.*, 334 Ill. 293; *Wabash, Chester and Western Railroad Co.* v. *Commerce Com.*, 309 Ill. 412.)"

United's long, detailed and technical argument here essentially is that its witnesses and exhibits were more worthy of belief than those of C. I. P. However, we consider that the record clearly shows that the findings of the Commission are supportable. We cannot say that the findings of the Commission were contrary to the manifest weight of the evidence and, accordingly, we will not set aside the Commission's order.

It is true, as United says, that the Commission's order on rehearing did not make a finding on each of the issues in controversy, but we have consistently held that it is not necessary for the Commission to make a finding as to each evidentiary fact or claim. (*Chicago Junction Railway Co.* v. *Illinois Commerce Com.*, 412 Ill. 579; *Chicago, Burlington and Quincy Railroad Co.* v. *Commerce Com. ex rel. Brotherhood of Railroad Trainmen*, 364 Ill. 213.) After reviewing the order of the Commission on rehearing we judge that the Commission made sufficient findings to support its order and that the evidence provided a sufficient basis for the findings of fact. *Cf. United Cities Gas Co.* v. *Illinois Commerce Com., ante,* p. 498, rehearing denied January, 1971.

Accordingly, the judgment of the circuit court of Saline County is affirmed.

*Judgment affirmed.*