(No. 48691.—

ILLINOIS TELEPHONE ASSOCIATION, Appellee, v. THE ILLINOIS COMMERCE COMMISSION, Appellant.

*Opinion filed June 1, 1977.*

16

William J. Scott, Attorney General, of Chicago (Hercules F. Bolos and Peter A. Fasseas, Special Assistant Attorneys General, and Rodney C. Howard, Mary C. Ubatuba and James R. Sullivan, Assistant Attorneys General, of counsel), for appellant.

Douglas G. Brown, of Springfield, for appellee.

Joseph M. Wells, Paul E. Goldstein, and James Hinchliff, of Chicago, for *amicus curiae* Peoples Gas Light and Coke Company.

Howard Elliott Kilberg, of Chicago, and James Ullman Hamersley, of Washington, D.C., for *amicus curiae* Chicago Area Recycling Group.

MR. JUSTICE DOOLEY delivered the opinion of the court:

Here we are called upon to decide whether an "association," in the posture of this record, has standing to appeal an order of the Illinois Commerce Commission pursuant to the statute providing for review of Commission orders by the courts (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 72). In 1974 the Illinois Commerce Commission revised certain general orders concerning the credit and service practices of all utilities, including telephone companies. The Illinois Telephone Association, an unincorporated association, on behalf of all telephone companies

in Illinois, appealed the revision of General Order No. 197 to the circuit court of Sangamon County, which nullified the Illinois Commerce Commission order for failure to make the statutorily mandated findings of fact (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 69). On remand, the Commerce Commission entered a General Order No. 197.

The Association filed a petition for rehearing, which the Commission denied. On appeal to the circuit court of Sangamon County, the Association again moved to set aside the order of the Commission, alleging that the required findings of fact were not made. The Commission moved to dismiss the appeal of the Association, asserting that it had failed to perfect its appeal, was not a person or corporation affected by the Commission order, and was without standing to appeal. The circuit court denied the motion of the Commission to dismiss the appeal of the Association, and reversed the order of the Commission.

The Commission appealed the denial of its motion to dismiss and the vacation of its order to the Appellate Court for the Fourth District, which held that an unincorporated association could sue or be sued in its own name only if all its members were joined as parties. (38 Ill. App. 3d 740.) The Association, it concluded, was without standing. It did not pass upon the other issues in the appeal. We granted the Illinois Telephone Association's petition for leave to appeal under Rule 315 (58 Ill. 2d R. 315).

The appellate court, in holding that the action could not be maintained without all members of the Association being joined as parties, relied upon *American Federation of Technical Engineers, Local 144 v. La Jeunesse* (1976), 63 Ill. 2d 263. There the union local, through its president, filed an action at law to recover fines which had been assessed against certain members of the union because they disobeyed instructions from the union to honor a lawful strike and picket line, and alleging that the fines had been assessed under the union disciplinary procedures. That

action was dismissed and another action in equity filed, praying for an order directing the defendant members to perform their contractual obligations under the union's constitution and bylaws by paying the fines assessed against them.

But here we have under consideration an act of the General Assembly whereby associations are specifically recognized and accorded full privileges of a litigant. (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 72.) *La Jeunesse* is not applicable.

*Fenyes v. State Employees' Retirement System of Illinois* (1959), 17 Ill. 2d 106, was referred to by the appellate court. It, however, did no more than describe the scope of judicial review under the Administrative Review Act. As we shall point out, the proceedings in the circuit court were statutory in character. They did not come within the Administrative Review Act but were governed by section 68 of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 72), providing for the method of review of orders of the Illinois Commerce Commission.

Simply stated, the issue is whether an unincorporated association has authority to appeal a decision of the Commission which affects its membership. In determining this question, the Public Utilities Act itself, as well as the rules of practice of the Illinois Commerce Commission, are relevant.

In statutory construction, it is fundamental that the intent of a legislature should be determined and given effect. (*People ex rel. Carey v. Power* (1975), 59 Ill. 2d 569, 571.) The legislative language itself affords the best means of its exposition, and if the legislative intent can thus be ascertained, it must be given effect. (*People ex rel. Mayfield v. City of Springfield* (1959), 16 Ill. 2d 609, 614.) It has been often stated that words employed in the statute should be given their plain and ordinary or commonly accepted meaning, unless to do so would defeat the legislative intent. *Lincoln National Life Insurance Co.*

*v. McCarthy* (1957), 10 Ill. 2d 489, 494; *Droste v. Kerner* (1966), 34 Ill. 2d 495, 503; *People v. Dednam* (1973), 55 Ill. 2d 565, 568.

The General Assembly in its deliberate and constitutional conduct has defined the word "corporation" in the Public Utilities Act to include "any corporation, company, *association*, joint stock company or association, but not municipal corporations." (Emphasis supplied.) (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 10.11.) So also, a "public utitlity" is defined by statute to include "every corporation, company, *association,* joint stock company or association, firm, partnership or individual, their lessees, trustees, or receivers" that operate plants, equipment, or property used in connection with the transmission of telegraph or telephone messages. (Emphasis supplied.) Ill. Rev. Stat. 1973, ch. 111 2/3, par. 10.3.

Within these terms an association could become a public utility engaging in the transmission of telephone messages, and subject to the Illinois Commerce Commission.

The legislature likewise brought within the ambit of "common carrier" an "association" managing such an agency for public use in the transportation of persons or property. (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 10.4.) The same is true of its concept of an "express company." Ill. Rev. Stat. 1973, ch. 111 2/3, par. 10.9.

Of course, if an association were engaging in the work of common carriage or in the transportation of freight or property, it would be a common carrier or an express company and hence subject to regulation by the Commission.

This same statute prescribes the procedure to appeal orders entered by the Commission in these terms:

"*** any person or corporation affected by such [Commission] rule, regulation, order or decision, may appeal to the circuit court of the county in which the subject-matter of the hearing is situated ***." Ill. Rev. Stat. 1973, ch. 111 2/3, par. 72.

Section 64 (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 68) of the Public Utilities Act authorizes the following to file complaints with the Commission: any person, corporation, chamber of commerce, board of trade, or any industrial, commercial, mercantile, agricultural or manufacturing society, or any body politic, or municipal corporation. It further states that "[n]o complaint shall be dismissed because of the absence of direct damage to the complainant." This, of course, makes manifest that to maintain a complaint the complainant itself need not have suffered damage.

More than that, the statute provides that upon the hearing of the complaint, the complainant, the person or corporation complained of and such persons or corporations as the Commission may allow to intervene, may be "entitled to be heard and to present evidence." (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 68.) As part of the same statute (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 65), the Commission is authorized to issue process to compel the attendance of witnesses.

Section 3(a) of the Commission's rules of practice provides:

> "The parties to proceedings before the Commission are complainants, petitioners, applicants, respondents and intervenors ***. 'Intervenors' are persons, corporations, *associations* or public authorities who, upon written permission, are permitted to intervene in any proceeding before the Commission ***." (Emphasis supplied.)

So also section 3(c) of the Commission's rules of practice provides that the Commission "may permit all persons, corporations, *associations* or public authorities to be heard but they shall not be parties to the proceeding unless so designated ***." (Emphasis supplied.)

Here the Illinois Commerce Commission not only allowed the Illinois Telephone Association to be heard but allowed it to intervene and accorded it party status in the proceedings. As such, it had the right to examine and

cross-examine witnesses, to submit evidence, to file exceptions to the finding of the Commission, and to make applications for rehearing and reconsideration. However, the Commerce Commission urges it did not have the right to seek judicial review in the circuit court of an adverse ruling. It would seem that to allow an intervenor the status of party and to accord it all the panoplies of the adversary process but to deny it the statutory right of appeal requires a great leap of the imagination to satisfy the fundamentals of simple fairness.

The proceedings in the circuit court were the statutorily mandated mode of appeal from an order of the Commerce Commission. (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 72.) An examination of that statute makes manifest that the circuit court proceedings were not original, but appellate in character. Consider the notice of appeal served upon the Commission and then filed with the clerk of the court to which the appeal is taken and how it becomes the duty of the circuit court to determine such appeal upon the record of the Commission with additional evidence being prohibited. No appeal is a new proceeding. (*Swain v. Hoberg* (1942), 380 Ill. 442, 446.) So in reviewing an order of the Commission, the circuit court, as well as any court of appeal, including this court, may not determine facts or make an independent determination of the issues. (*Galt v. Commerce Com.* (1963), 28 Ill. 2d 501, 503; *Village of Apple River v. Commerce Com.* (1960), 18 Ill. 2d 518, 523; *Forest Preserve District v. Commerce Com.* (1957), 12 Ill. 2d 319, 323.) A reviewing court's sole function is limited to determining whether the order of the Commerce Commission is contrary to the manifest weight of the evidence. (*Village of Apple River v. Commerce Com.* (1960), 18 Ill. 2d 518, 522. See also *United Cities Gas Co. v. Commerce Com.* (1971), 48 Ill. 2d 36, 39; *Be-Mac Transport Co. v. Commerce Com.* (1967), 38 Ill. 2d 154, 156.) The purpose of review of an order of the Commerce Commission is to keep it within the bounds

prescribed by law so that no constitutional right may be impaired. *Citizens Utilities Co. v. Commerce Com.* (1971), 50 Ill. 2d 35, 39; *Champaign County Telephone Co. v. Commerce Com.* (1967), 37 Ill. 2d 312, 320-21; *Galt v. Commerce Com.* (1963), 28 Ill. 2d 501, 505; *Chicago Junction Ry. Co. v. Commerce Com.* (1952), 412 Ill. 579, 590.

The Commission urges that it was not the Association which was affected by the order but the telephone companies themselves. As we have noted, under the statute, the complainant need not itself have sustained damage. Ill. Rev. Stat. 1973, ch. 111 2/3, par. 68.

Incisively apropos on the question of the plaintiff's interest is *Inter-State Water Co. v. City of Danville* (1942), 379 Ill. 41. There the water company sought permission from the Commerce Commission to increase its rates. At the hearings, engineers and accountants testified on behalf of the utility and the Commission. So also did the engineer for the city of Danville, which was represented by counsel. An increase in rates was granted, and a petition for rehearing by the city of Danville was denied. Subsequently the city prosecuted an appeal to the circuit court. There, as here, a motion to dismiss was urged on the basis that the city was not affected by the order of the Commission. On review, the sole issue was whether the city had the statutory right to appeal from the order of the Commerce Commission authorizing an increase in the rates of consumers within the city. This court considered these parts of the Public Utilities Act: section 64 (Ill. Rev. Stat. 1941, ch. 111 2/3, par. 68), setting forth who may appear as complainants; section 65 (Ill. Rev. Stat. 1941, ch. 111 2/3, par. 69), under the terms of which notice is to be given interested persons; and section 68 (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 72), providing for an appeal to the circuit court.

In concluding that the city had a right to appeal, this court observed:

"In the light of the relevant portions of the statute, we cannot ascribe to the legislature an intent to accord a city the right to represent its residents in inquiries, investigations and hearings, involving 'rates or other charges or services' within the city, to the point of the entry of an order and then denying the city, as the representative of its residents, the right to a review of an adverse decision. The provisions of sections 64, 65, 66, and 68, construed together, admit of but one conclusion, namely, that a city is a party affected by an application for an increase of rates of a public utility within the city and that this interest does not terminate upon the entry of an order adverse to the city's residents ***." *Inter-State Water Co. v. City of Danville* (1942), 379 Ill. 41, 47-8.

Again, in holding that the city was a party affected, the court observed:

"Apart from the issue of representation, we hold that the city having been recognized by the commission and the water company as having sufficient interest to be made a party to the proceeding was, in consequence, 'affected' by the order awarding an increase of rates. To hold otherwise would be to unduly restrict the meaning of the general word 'affected,' a more comprehensive term than the word 'aggrieved' used in some authorities invoked by appellee. We deem it sufficient to observe that section 68 does not say 'aggrieved,' 'directly affected,' 'monetarily affected,' or 'injuriously affected,' but merely 'affected.' " 379 Ill. 41, 50.

In *Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, we held that Underground Contractors Association, Inc., a not-for-profit trade association of underground construction companies, did

not have standing to bring an action for declaratory relief (Ill. Rev. Stat. 1973, ch. 110, par. 57.1(1)) against the city of Chicago. That conclusion was determined by the controlling statute, namely the declaratory judgment act. Amongst the requisites for the maintenance of a declaratory judgment are the existence of an "actual controversy" and that the party seeking the declaration of judgment be "interested in the controversy." (Ill. Rev. Stat. 1973, ch. 110, par. 57.1(1).) This is in nowise inconsistent with our interpretation of the statute which controls this situation.

Unless violence is to be done to the products not only of a rational legislative process, but also to rules of this administrative body, it is manifest that the plaintiff telephone association had standing to prosecute an appeal to the circuit court. It was error for the appellate court to hold to the contrary, and to fail to pass upon the other issues in the appeal.

The judgment of the appellate court is reversed, and the cause is remanded to the appellate court with directions to consider the other issues in the appeal of the Illinois Commerce Commission.

*Reversed and remanded,*
*with directions.*