(Nos. 14811-14844.—Reversed and remanded.)

THE PEOPLE'S GAS LIGHT AND COKE COMPANY, Appellant, *vs.* THE CITY OF CHICAGO, Appellee.—THE PEOPLE'S GAS LIGHT AND COKE COMPANY, Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed June 20, 1923.*

1. PUBLIC UTILITIES—*circuit court exercises original jurisdiction in reviewing decision of commission.* The circuit court, in reviewing a decision of the Public Utilities Commission, does not exercise appellate jurisdiction but makes an original judicial investigation on the issue as to the reasonableness or lawfulness of the commission's decision, and the so-called appeal is merely a method of procedure designed to bring before the court questions of which it has jurisdiction.

2. SAME—*circuit court must enter final order in reviewing decision of commission.* The circuit court, in reviewing a decision of the Public Utilities Commission, must enter a final order as to. the reasonableness or lawfulness of the decision, and has no authority to remand a cause to the commission except where the commission has failed to receive evidence properly offered; and where the court has misconceived its authority and has remanded the cause to the commission to make certain findings, and an appeal is taken to the Supreme Court, the order allowing the appeal will be set aside and the cause will be remanded to the circuit court to enter a final order.

APPEALS from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

COOKE, SULLIVAN & RICKS, for the People's Gas Light and Coke Company.

DONALD R. RICHBERG, for the city of Chicago.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

In a proceeding before the Public Utilities Commission to determine a just and reasonable rate to be charged by the People's Gas Light and Coke Company for gas, the

commission, in fixing the rate base, found the present value of the company's property used and useful in furnishing gas to the consumers in the city of Chicago (exclusive of the main office building, going value and working capital,) to be $72,000,000. From the order of the commission fixing the rate to be charged, an appeal was taken to the circuit court of Sangamon county, and it was filed therein to the January, 1921, term thereof. March 17, 1922, the court ordered "that the order of the Public Utilities Commission be and the same is hereby reversed, with directions to make such findings as are deemed to support the conclusions of the commission as to the valuation, for rate-making purposes, of the property of the People's Gas Light and Coke Company." Later in the March term, April 24, 1922, a judgment was entered by which it was ordered "that the order of the Public Utilities Commission entered December 21, 1920, being the order appealed from in this case, be and it is hereby reversed and said cause is hereby remanded to the said Public Utilities Commission, and said commission is hereby directed to make specific findings of fact showing upon what basis and by what method or methods or processes the said commission arrived at the conclusion that the value of appellant's property devoted to the public use (exclusive of the items of main office building, going value and working capital,) is the sum of seventy-two million dollars ($72,000,000)." From these orders an appeal was prayed and perfected by both parties, and the appeals have been consolidated in this court.

Section 68 of the Public Utilities act allows an appeal to the circuit court "for the purpose of having the reasonableness or lawfulness of the rule, regulation, order or decision inquired into and determined." The court, in reviewing the decision of the commission, does not exercise appellate jurisdiction but makes an original judicial investigation, the issue before the court being the reasonableness or lawfulness of the commission's decision. The so-called

appeal is a method of procedure designed to bring before the court questions of which it has jurisdiction. (*Railroad and Warehouse Com.* v. *Litchfield and Madison Railway Co.* 267 Ill. 337; *Maxwell* v. *People,* 189 id. 546.) The proceeding is statutory, and the statute gives the court power to determine, from the evidence, whether the decision is lawful and reasonable. If it is, it is to be confirmed; and if it is not, it is to be set aside. There is but one instance where the court has authority to remand the cause to the commission, and that is where it appears the commission failed to receive evidence properly offered, in which event the court is authorized to remand the cause to the commission, with instructions to receive the testimony so offered and rejected and to reconsider the case in view of the new evidence. It is clear from this record that the circuit court of Sangamon county did not inquire into and determine the reasonableness or lawfulness of the decision of the commission, as the statute directs. The judgment entered does not decide the merits of the controversy and neither confirms nor sets aside the decision of the commission.

Section 69 of the Public Utilities act provides that appeals may be taken to this court "from all final orders and judgments entered" by the circuit court in review of the decisions of the commission, but no authority is anywhere given to appeal from a judgment that does not finally dispose of controverted questions. Except in the single instance above noted, which does not apply to this case, the circuit court has no authority to enter any but a final order. In entering the judgment from which this appeal was taken, the circuit court misconceived its authority and did not enter a final order confirming or setting aside the commission's decision.

The order allowing the appeal is set aside and the cause is remanded, with directions to the circuit court to confirm or set aside the decision of the commission. If it is found

that the commission's decision is unlawful or unreasonable, it follows as a natural consequence that the cause should be remanded to the commission for further proceedings; but such an order would be final and appealable under the statute because it would finally decide the issue presented to the circuit court. The clerk of this court is directed to return the record to the clerk of the circuit court of Sangamon county.                              *Remanded, with directions.*