(No. 25582.—

JOHN E. BARRY, Appellant, *vs.* THE COMMONWEALTH EDISON COMPANY, Appellee.

*Opinion filed October 11, 1940—Rehearing denied Dec. 4, 1940.*

Shaw, J., specially concurring.

Lloyd T. Bailey, (Joseph W. Bailey, of counsel,) for appellant.

Isham, Lincoln & Beale, (Roland K. Smith, Jr., Justin A. Stanley, and James P. Dillie, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellant, John E. Barry, brought suit in the superior court of Cook county against the Commonwealth Edison Company for damages. Upon motion of defendant the superior court dismissed the suit, which action was affirmed in the Appellate Court, and we have allowed a petition to appeal to this court.

The complaint consisted of three counts. The first one alleges, in substance, that Barry was a user of electric current furnished by appellee, and that, on November 24, 1936, the latter, over the protests of appellant, disconnected the wires and meters from his place of business and deprived him of electric service, and refused to restore such service until he had paid the sum of $697; that plaintiff was willing to pay what, if anything, he owed, and such disconnection thereby damaged him. The second count of the complaint charged substantially the same except that, by reason of the cutting off of the electric service, appellant was compelled to close his business and thereby suffered damages. The third count charges appellee with slander in that, through its agents, it charged appellant with being a thief by stealing electric current.

Appellee filed a motion to strike the complaint and as ground therefor alleged that plaintiff had filed a petition before the Illinois Commerce Commission for reparations and that, after a hearing, such complaint had been dismissed. A copy of the proceedings before the commission accompanied the motion. Plaintiff's petition before the commission alleged appellee had cut off his electric service; that appellant had been accused of unlawfully taking electricity; that he had denied the charge and that appellee would not resume service until appellant agreed to pay $800, $200 of which paid in cash and the balance at the rate of $200 per month, and prayed he be exonerated from the unjust charges made against him, and that appellee be required

to return the excess money he had paid. At the hearing appellee reduced its demand to $697. Appellee admitted that it had refused to render plaintiff further service until he had paid the sum of $800, the estimated amount of current alleged to have been taken. The commission, in its order, recited that if it appeared the utility had cut off the service in good faith it would not determine whether the current had been obtained by fraud, but would leave the parties to their remedies at law, and that it would make its finding upon this basis. The commission found the current had been cut off; that the defendant would not resume service unless paid the sum of $800; that this sum was paid under protest; that a pole in the alley back of appellant's place of business which carried electric wires showed signs of burning, and that a check meter indicated more current was being consumed than was disclosed by the meter installed upon the premises of plaintiff. The commission found that plaintiff had not given a satisfactory explanation of these facts and that, therefore, the defendant had not acted without probable cause, and thereupon entered an order that the complaint for reparations be dismissed and the parties left to their respective remedies at law. The only point in this case is whether the finding and order of the commission constitute an adjudication which bars the plaintiff from prosecuting this suit.

The gravamen of the first two counts in the complaint at law is that the appellee, over the protest of appellant, cut off electric service to compel appellant to pay a charge for electric current which he claims he did not owe, and which, under duress and protest he did pay, in order to procure a resumption of service.

As a general rule a public utility furnishing water, gas or electricity to the public may adopt and enforce as a reasonable regulation that such service to the customer may be shut off from one who has defaulted in payment therefor. (*Steele* v. *Clinton Light and Power Co.* 123 Conn. 180,

112 A. L. R. (Anno.) 232.) An exception to this rule, however, is to be observed where there is a *bona fide* dispute either as to the customer's liability or as to the correctness of the bill rendered. The right to discontinue service cannot be exercised so as to coerce the customer into paying a bill which is unjust or which the customer in good faith, and with show of reason, disputes. Otherwise the utility, in effect, would pass judgment upon its own case. *Steele* v. *Clinton Light and Power Co. supra; Ten Broek* v. *Miller,* 240 Mich. 667, 216 N. W. 385; *Schoening* v. *Paducah Water Co.* 230 Ky. 453, 19 S. W. (2) 1073; *Kentucky Utilities Co.* v. *Warren Ellison Cafe,* 231 id. 558, 21 S. W. (2) 976; *McEntee* v. *Kingston Water Co.* 165 N. Y. 27, 58 N. E. 785; *Sims* v. *Alabama Water Co.* 205 Ala. 378, 87 So. 688; *Dodd* v. *City of Atlanta,* 154 Ga. 465, 113 S. E. 166.

The Public Utilities act does not authorize the Commerce Commission to award damages in a case of this kind. Section 38 of that act (Ill. Rev. Stat. 1939, chap. 111⅔, par. 38) requires a utility to furnish all persons who apply therefor, and who are reasonably entitled thereto, suitable facilities without discrimination and without delay. Section 72 (par. 76) of the same statute provides the commission may award reparations when a utility has charged an excessive or unjustly discriminatory amount for its product or services. Appellant's petition before the commission for reparations was for the purpose of recovering the amount he was required to pay appellee in order to obtain a resumption of service. There was no attempt to obtain damages suffered by cutting off the service, and had such a claim been included in the petition the commission could not have awarded him compensation for this wrong as it was beyond its jurisdiction. The sole power of the commission comes from the statute. (*Chicago Railways Co.* v. *Commerce Com.* 336 Ill. 51; *Lambdin* v. *Commerce Com.* 352 id. 104; *Illinois Commerce Com.* v. *East St. Louis and*

*Carondelet Railway Co.* 361 id. 606.) Not only is there nothing in the statute giving the Commerce Commission authority to determine liability growing out of a discontinuance of service, but such power is excluded by section 74 (par. 78) of the Public Utilities act, which provides that "this act shall not have the effect to release or waive any right of action by the State, the commission, or by any body politic, municipal corporation, person or corporation for any right or penalty which may have arisen or accrued or may hereafter arise or accrue under any law of this State."

It is urged, however, that the finding and order of the commission that it was not established appellee had discontinued service without probable cause, operated as a bar or estoppel to the maintaining of the present suit.

At the outset in the consideration of the doctrine of *res judicata* or estoppel it must be noted that there is a wide difference between the effect of a judgment or ruling as a bar against the prosecution of a second action between the same parties upon the same claim or demand, and its effect, as an estoppel, in another action between the same parties upon a different claim or demand; in the former it is conclusive not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose. (*Markley* v. *People,* 171 Ill. 260; *Baldwin* v. *Hanecy,* 204 id. 281; *Harding Co.* v. *Harding,* 352 id. 417.) Where, however, the second action between the parties is upon a different claim or demand, the judgment or ruling in the trial action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. *Riverside Co.* v. *Townshend,* 120 Ill. 9; *People* v. *Wyanet Electric Light Co.* 306 id. 377; *Hoffman* v. *Hoffman,* 330 id. 413.

The present suit does not involve the same claim or issue as that presented before the Commerce Commission and,

therefore, the rule that everything that might have been litigated is settled does not apply. In order that the finding of the commission operate as an estoppel under the other branch of the rule there must have been an issue decided against appellant that is material to his right of recovery in the present suit. Such an order or finding does not appear in the record. The finding that appellant was not entitled to reparations for over-payment is not a finding that appellee might discontinue service because of a disputed claim; the one issue involves the repayment of specific money collected in excess of the legal rate, while the other involves a claim for unliquidated damages resulting to appellant's business from the abuse of power under the particular circumstances alleged. The good faith of appellee, or the fact it might eventually prove to be right in the dispute, does not justify the coercive power of discontinuing service to terminate in its own favor a *bona fide* dispute with another.

Moreover, the order of the commission which left the parties to their respective remedies at law indicates it did not determine or adjudicate any question which was properly cognizable before a court, nor indeed would it have such power in view of the reservation contained in section 74, *supra*. Not only the general principles of law applicable to this situation, but also the commission's disposition of the matter without prejudice to the parties' rights at law, render the doctrine of estoppel inapplicable.

It is also urged that appellant should have appealed from the order of the commission to the circuit court under section 68 (par. 72) of the Public Utilities act, but under this section the court could not have passed upon any question beyond the jurisdiction of the commission, but is required to decide it solely upon the record certified by the commission.

The cases cited by appellant upon the question of estoppel do not apply. In all of the cases cited it appears the ques-

tion determined by the board entering the initial order, and urged as an estoppel, was one within its jurisdiction, and the parties later attempted to relitigate the same matter in a different tribunal, which brought such cases within the second branch of the rule noted above. The holdings in these cases do not conflict with anything said herein but only apply to a situation that does not exist in the present suit.

What we have said heretofore has had particular reference to the first two counts of the complaint. The third count charged slander, and certainly, under no view of the case, could the plaintiff be estopped from maintaining such an action.

The judgments of the Appellate Court for the First District and the superior court of Cook county are reversed and the cause remanded to the superior court of Cook county, with directions to overrule appellee's motion to strike appellant's complaint.

*Reversed and remanded, with directions.*

Mr. JUSTICE SHAW, specially concurring: I agree with the conclusion reached in this opinion but not with all that is said therein.