James Burke et al., Appellants, v. Illinois Bell Telephone Company, Appellee.

Gen. No. 45,796.

Opinion filed December 10, 1952. Rehearing denied December 31, 1952. Released for publication December 31, 1952.

ROBERT E. DOWLING, of Chicago, for appellants.

KENNETH F. BURGESS, DOUGLAS F. SMITH, and RICH-ARD L. SELLE, all of Chicago, for appellees; SIDLEY, AUSTIN, BURGESS & SMITH, of Chicago, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Plaintiffs, telephone subscribers of defendant, filed a representative suit alleging in substance that defend-

ant, a public utility, is subject to the provisions of the Illinois Commerce Commission Act; that on January 3, 1923, the Commerce Commission, in accordance with the powers vested in it, issued its General Order 107, which provides in Rule X that telephone directories of exchanges serving more than one-thousand subscribers shall be revised, printed and distributed to subscribers semiannually and that telephone directories of all other exchanges shall be revised, printed and distributed to subscribers at least once each year; that in consideration of its compliance with the provisions of Rule X, the Commerce Commission authorized defendant to charge its subscribers certain rates; that the defendant willfully failed and neglected to revise, print and distribute semiannually telephone directories to its subscribers of exchanges in the State of Illinois serving more than one-thousand subscribers, and that it also willfully neglected and failed to revise, print and distribute its directories at least once a year to its subscribers of exchanges serving less than one-thousand subscribers, contrary to the provisions of Rule X of General Order 107.

The complaint further alleges that as a result of the willful neglect of the defendant to revise, print and distribute its directories pursuant to Rule X of General Order 107 of the Commerce Commission, "millions of hours of time, inconvenience, and aggravation" have been suffered by the subscribers of the defendant in the City of Chicago; that in the suburban territory about the City of Chicago and in other communities throughout Illinois the defendant also failed to comply with Rule X; that the approximate cost of revising, printing and distributing each proposed semiannual issue in the City of Chicago is approximately two dollars each; that the cost of revising, printing and distributing directories in the suburban area of Chicago is one dollar each; that for the other subscribers served

531

by the defendant the cost of revising, printing and distributing is approximately fifty cents each; and that as a result of the willful refusal of the defendant to furnish to its subscribers the directories provided for by Rule X of General Order 107 of the Commission, plaintiffs and all other subscribers "have been deprived of services for the safety, health, comfort and convenience of themselves and all other subscribers."

In the concluding paragraph of the complaint the plaintiffs on behalf of themselves and all other subscribers of the defendant "request" a *refund* from the defendant to each subscriber in the City of Chicago of at least two dollars an issue of the telephone directory of which the defendant has wrongfully deprived its subscribers, and at least one dollar an issue of the suburban directory; and for general relief.

Defendant filed a motion to strike the complaint. This motion was denied except that all allegations relating to damages alleged to have been sustained by plaintiffs prior to March 10, 1938 were stricken. After issues were joined the cause was referred to a master in chancery. While the cause was pending before the master, defendant filed a motion for summary judgment and plaintiffs filed a motion to dismiss defendant's motion for summary judgment. Both of these motions were also referred to the same master in chancery "for hearing and disposition." In his report the master recommended that plaintiffs' motion to dismiss defendant's motion for summary judgment should be sustained. Objections were filed by defendant and the master issued a supplemental report reaffirming the findings of his original report but was of the opinion that the circuit court lacked jurisdiction to hear the cause. In conformity with the master's findings and recommendations a decree was entered dismissing the complaint for want of jurisdiction of the subject matter.

The trial court found that the claim as alleged in the complaint is "in effect and substance" for a refund of that part of the rates paid by defendant's subscribers for directories not received, and hence is a claim for reparations within the meaning of section 72 of the Public Utilities Act [Ill. Rev. Stats. 1951, ch. 111 2/3, par. 76; Jones Ill. Stats. Ann. 112.098]; and, further, if plaintiffs' claim be considered one for consequential damages under section 73 [Ill. Rev. Stats. 1951, ch. 111 2/3, par. 77; Jones Ill. Stats. Ann. 112.099] of the Public Utilities Act it cannot be maintained as a representative action.

Plaintiffs' principal contention is that the court erred in dismissing the complaint for want of jurisdiction of the subject matter.

The pertinent provisions of section 72 read:

"When complaint has been made to the Commission concerning any rate or other charge of any public utility and the Commission has found, after a hearing, that the public utility has charged an excessive or unjustly discriminatory amount for its product, commodity or service, the Commission may order that the public utility make due reparation to the complainant therefor, with interest at the legal rate from the date of payment of such excessive or unjustly discriminatory amount."

██ In construing section 72 in *Terminal Railroad Ass'n v. Public Utilities Commission*, 304 Ill. 312, our Supreme Court said, at page 317:

"The evident intent and purpose of the legislature in providing a method by which reparation may be recovered and in requiring that an application therefor shall be first made to the commission, precludes an action at law for such reparation until the commission has heard a claim therefor. This is the view taken by the Supreme Court of the United States with reference

to similar provisions in the Interstate Commerce act. (*Texas and Pacific Railway Co. v. Abilene Cotton Oil Co.*, 204 U. S. 426.) The similarity between the Interstate Commerce act and our Public Utilities act makes the decisions of the Supreme Court of the United States persuasive as to the correct rule to be adopted in this State."

To the same effect see *Medusa Portland Cement Co. v. Illinois Cent. R. Co.*, 287 Ill. App. 549.

 The governing rule has been stated by JUSTICE BRANDEIS in *Great Northern Ry. Co. v. Merchants Elev. Co.*, 259 U. S. 285, at page 291:

"Whenever a rate, rule or practice is attacked as unreasonable or as unjustly discriminatory, there must be preliminary resort to the Commission. Sometimes this is required because the function being exercised is in its nature administrative in contradistinction to judicial. But ordinarily the determining factor is not the character of the function, but the character of the controverted question and the nature of the enquiry necessary for its solution. To determine what rate, rule or practice shall be deemed reasonable for the future is a legislative or administrative function. To determine whether a shipper has in the past been wronged by the exaction of an unreasonable or discriminatory rate is a judicial function. Preliminary resort to the Commission is required alike in the two classes of cases. It is required because the enquiry is essentially one of fact and of discretion in technical matters; and uniformity can be secured only if its determination is left to the Commission."

Plaintiffs argue that their claim is not based on excessive rates but to recover damages for loss of service under section 73 which provides:

"In case any public utility shall do, cause to be done or permit to be done any act, matter or thing prohib-

534

ited, forbidden or declared to be unlawful, or shall omit to do any act, matter or thing required to be done either by any provisions of this Act or any rule, regulation, order or decision of the Commission, issued under authority of this Act, such public utility shall be liable to the persons or corporations affected thereby for all loss, damages or injury caused thereby or resulting therefrom, and if the court shall find that the act or omission was wilful, the court may in addition to the actual damages, award damages for the sake of example and by the way of punishment. An action to recover for such loss, damage or injury may be brought in any court of competent jurisdiction by any person or corporation.''

The only allegations in the complaint remotely suggesting consequential damages state that ''millions of hours of time, inconvenience and aggravation have been suffered by subscribers as a result of defendant's willful refusal to revise, print or distribute its directories as prescribed by Rule X.'' It is not alleged that any particular subscriber has suffered any loss.

 We think plaintiffs' position is untenable and agree with the finding of the trial court that the gist of plaintiffs' claim as alleged is for reparations within the meaning of section 72 and not for consequential damages, as plaintiffs maintain, under the provisions of section 73.

 Moreover, we are of the opinion that plaintiffs' complaint does not state a class action under the provisions of section 73 of the Public Utilities Act. In the recent case of *Newberry Library v. Board of Education*, 387 Ill. 85, plaintiff, the owner and holder of a bond and interest coupon executed by the Board of Education, instituted a class action in his own behalf and in behalf of all other owners and holders of certain bonds and coupons issued by the Board of Education

at the same time and in the same series. There the court said, at page 95:

"To constitute a class suit in which the court acquires jurisdiction over every member of the class, and the decree therein binds members of that class not present, the subject matter of the litigation must be a common or joint interest, not only in the question involved but likewise interest in common in the remedy and subject matter of the suit itself (*Scott v. Donald*, 165 U. S. 107, 41 L. ed. 648), or the relationship between the parties present and those who are absent must be such as legally to entitle the former to stand in judgment for the latter. [Citing cases.]

"Members of a class may represent others of that class where the sole and common interest of the entire class is to assert or challenge a claimed right; but where the substantial interests of parties present in such a suit are not necessarily or even probably the same as the interests of those they seek to represent, such parties present cannot be said to afford that protection to absent parties required by due process."

To the same effect is *People's Store of Roseland v. McKibbin*, 379 Ill. 148.

The rule announced in the cases last cited has been sustained in other jurisdictions. See *Davies v. Columbia Gas & Electric Corporation*, 151 Ohio St. 417, 86 N. E. (2d) 603; *Batman v. Louisville Gas & Electric Co.*, [Ky.], 220 S. W. 318.

■ In the present case according to the allegations of the complaint the subscribers whom plaintiff purports to represent are residents of the City of Chicago and other communities in the State. These subscribers are served by different exchanges with different classes of service and rates and for varying periods of service. Manifestly the claim of each subscriber is legally separate and distinct since each subscriber's claim presents a different question with respect to the right of

536

recovery and the amount of the alleged damages. In order to recover damages each subscriber must necessarily make proof of his own loss of time, inconvenience and aggravation suffered, unrelated to any damages suffered by other subscribers. Under these circumstances there can be no doubt of the impropriety of a class suit. In the view which we take of this case it is unnecessary to consider the other points urged.

For the reasons assigned, the order here appealed from, dismissing the complaint for want of jurisdiction of the subject matter, is affirmed.

*Order appealed from affirmed.*

FEINBERG and KILEY, JJ., concur.