LUCILLE MALLOY, Plaintiff-Appellant, *v.* THE ILLINOIS BELL TELEPHONE COMPANY, Defendant-Appellee.

(No. 57420;

First District (1st Division)—June 25, 1973.

Patrick E. Mahoney, of Chicago, for appellant.

Robert V. R. Dalenberg, L. Bow Pritchett, and Alan R. Baker, all of Chicago, for appellee.

Mr. JUSTICE EGAN delivered the opinion of the court:

The plaintiff, Lucille Malloy, filed a complaint against the defendant, Illinois Bell Telephone Company, alleging that she and the class she represented were subscribers of the defendant in Lake and Kendall Counties; that they were deprived of telephone service from July 15, 1971 to July 20, 1971, as a result of disruptions in telephone service caused by acts of vandalism. The plaintiff claimed that, since they had paid for uninterrupted service in advance, they were entitled to a refund for the six-day period in which their service was interrupted. The trial court dismissed the complaint, holding that the Illinois Commerce Commission had sole and exclusive jurisdiction to determine the plaintiff's claim.

Section 72 of the Public Utilities Act (Ill. Rev. Stat. 1971, ch. 111⅔, par. 76) provides in pertinent part:

> "§ 72. When complaint has been made to the Commission concerning any rate or other charge of any public utility and the Commission has found, after a hearing, that the public utility has charged an excessive or unjustly discriminatory amount for its product, commodity or service, the Commission may order that the public utility make due reparation to the complainant therefor, with interest at the legal rate from the date of payment of such excessive or unjustly discriminatory amount."

■■ Beginning with *Terminal R. R. Association of St. Louis v. Public Utilities Com.*, 304 Ill. 312, 136 N.E. 797, the Illinois decisions have uniformly held that the intent and purpose of the Public Utilities Act in providing a method for recovery of reparations was to preclude any judicial action until the Commission had heard the claim. (*Adler v. Northern Illinois Gas Co.*, 57 Ill.App.2d 210, 206 N.E.2d 816; *Colton v. Commonwealth Edison Co.*, 349 Ill.App. 490, 111 N.E.2d 363; *Medusa Portland Cement Co. v. Illinois Central R.R. Co.*, 287 Ill.App. 549, 5 N.E.2d 782.) The plaintiff contends, however, that the cases are inapplicable and the dismissal can be justified only if the court concluded that the complaint sought redress for an excessive or discriminatory rate; and that this is not such a claim.

■■ Initially, we note that section 72 is not restricted to complaints concerning rates but speaks of "other charge," as well. Further, similar arguments have been advanced and rejected in *Burke v. Illinois Bell Telephone Co.*, 348 Ill.App. 529, 109 N.E.2d 358 and *Cummings v.*

*Commonwealth Edison Co.,* 64 Ill.App.2d 320, 213 N.E.2d 18. In *Burke,* a Commerce Commission rule required that telephone directories be distributed at least once a year; and the Commission authorized the utility to charge certain rates in consideration of its compliance with that rule. The utility failed to comply; and a class action was brought to recover a refund of two dollars for each subscriber, allegedly representing the value of the services, *i.e.,* the use of the directories, of which the class was deprived. The trial court found in dismissing the cause for lack of jurisdiction, and the Appellate Court agreed, that the claim was for a refund of part of the rates paid for directories not received and consequently a claim for reparations within the meaning of section 72. In *Cummings,* the utility had purchased electrical equipment from various companies which had conspired to fix the prices of the equipment in violation of the federal anti-trust laws. The plaintiff filed a class action alleging that the utility had paid excessive prices over the years for the equipment and that the overcharges had been included in its property and plant accounts, which constituted one of the principal factors upon which the "rates and charges" paid by the plaintiff were determined. Consequently, the plaintiff claimed, she was entitled to a refund out of money paid to the utility by the electrical companies as a result of civil litigation. The plaintiff appealed a dismissal on the "grounds that her complaint [did] not involve the Commission's rate making functions." (p. 323.) The Appellate Court said:

> "It is well established that the common law right to recover reparations for unreasonable charges by public utilities has been superseded by the Public Utilities Act. [Citation.] The question remains whether plaintiff is, in effect, bringing such an action.
>
> *       *       *
>
> It is apparent that the sole basis for plaintiff's claim, irrespective of the label she chooses to employ, is that she and other customers were charged excessive rates for which she wants reparations. The fact that the plaintiff does not seek to upset a rate schedule or fix utility rates for the future does not bring this matter within the powers of a court of equity and outside the exclusive jurisdiction of the Illinois Commerce Commission." (pp. 323-324.)

We find *Burke* and *Cummings* applicable and controlling here. Whatever the plaintiff may seek to term the amount paid the defendant, that amount constituted a "charge" or "rate" within the meaning of section 72 and her claim is for reparations within its meaning as well.

The plaintiff relies on section 74 of the Act (Ill. Rev. Stat. 1971, ch. 111⅔, par. 78) as proof that the legislature intended that claims such as

hers are not controlled by section 72. That section in pertinent part reads as follows:

"§ 74. This Act shall not have the effect to release or waive any right of action by the State, the Commission, or by any body politic, municipal corporation, person or corporation for any right or penalty which may have arisen or accrued or may hereafter arise or accrue under any law of this State.

All penalties accruing under this Act shall be cumulative of each other, and suit for the recovery of one penalty shall not be a bar to or affect the recovery of any other penalty or be a bar to any criminal prosecution against any public utility, or any officer, director, agent or employee thereof, or any other corporation or person."

In support of her position the plaintiff cites *Barry v. Commonwealth Edison Co.*, 374 Ill. 473, 29 N.E.2d 1014. In that case the plaintiff had filed a petition before the Commerce Commission for reparations alleging that the utility had cut off his electric service; that he had been wrongfully accused of unlawfully taking electric service; and that the utility would not resume service until he had paid a specific amount, which he paid. His petition asked that the Commission exonerate him of the charge made against him and to order the return of the money he had paid. The Commission dismissed the petition after finding that the utility had not acted without probable cause in terminating the service and left the parties to their respective remedies at law. The plaintiff filed a three-count complaint in the superior court. The first two counts alleged that he had been damaged personally and in his business by the wrongful disconnection; and the third alleged that the utility had slandered him by charging that he had stolen the electricity. The trial court dismissed the suit on the ground that the order of the Commerce Commission was *res judicata* of the claim asserted in the superior court. The supreme court reversed, holding that the claim for reparations for the amount of money paid under protest, which the Commission had passed on, was not the same as the claim for damages for improper disconnection. By way of dictum the court also held that the claim for damages came under section 74 and was beyond the Commission's jurisdiction. In view of the tacit concession of the parties and the Supreme Court that the claim for reparations for the amount paid was properly before the Commission, the *Barry* case provides no authority for the position urged here by the plaintiff.

The later case of *Burke v. Illinois Bell Telephone Co.*, 348 Ill.App. 529, 109 N.E.2d 358, casts more light on the difference between a claim

for reparations and a claim for consequential damages. Section 73 (Ill. Rev. Stat. 1971, ch. 111-2/3, par. 77) reads as follows:

> "§73. In case any public utility shall do, cause to be done or permit to be done any act, matter or thing prohibited, forbidden or declared to be unlawful, or shall omit to do any act, matter or thing required to be done either by any provisions of this Act or any rule, regulation, order or decision of the Commission, issued under authority of this Act, such public utility shall be liable to the persons or corporations affected thereby for all loss, damages or injury caused thereby or resulting therefrom, and if the court shall find that the act or omission was wilful, the *court* may in addition to the actual damages, award damages for the sake of example and by the way of punishment. An action to recover for such loss, damage or injury may be brought in any *court* of competent jurisdiction by any person or corporation.
>
> In every case of a recovery of damages by any person or corporation under the provision of this section, the plaintiff shall be entitled to a reasonable counsel's or attorney's fee to be fixed by the *court*, which fee shall be taxed and collected as part of the costs in the case.
>
> No recovery as in this section provided shall in any manner affect a recovery by the State of the penalties in this Act provided." (Emphasis added.)

The *Burke* case specifically held that the claim, previously summarized in this opinion, came under section 72 and not under section 73. In *Barry*, the court held that a wrongful disconnection is a violation of section 38 (Ill. Rev. Stat. 1971, ch. 111-2/3, par. 38), which requires a utility to furnish suitable facilities without discrimination and without delay to all persons reasonably entitled thereto. It is apparent that damages accruing from a violation of section 38 would arise from a violation of the Act and, therefore, would be subject to be awarded by a court only as specified in section 73. The plaintiff here has made no such claim for consequential damages, if indeed she could as a class action. ■■ For these reasons we conclude that the trial court properly held that the claim asserted was for reparations under section 72 of the Act and that the Illinois Commerce Commission had exclusive jurisdiction. The judgment of the circuit court is affirmed.

Judgment affirmed.

GOLDBERG and HALLETT, JJ., concur.