N-REN CORPORATION, Plaintiff-Appellee and Appellant, *v.* ILLINOIS COMMERCE COMMISSION, Defendant-Appellant and Appellee.— NORTHERN ILLINOIS GAS COMPANY, Plaintiff-Appellee and Appellant, *v.* ILLINOIS COMMERCE COMMISSION, Defendant-Appellant and Appellee.

Second District   No. 80-838

Modified opinion filed on denial of rehearing August 21, 1981.

Tyrone C. Fahner, Attorney General, of Chicago (Hercules F. Bolos, Special Assistant Attorney General, and Thomas J. Russell, Assistant Attorney General, of counsel), for appellant Illinois Commerce Commission.

Stephen J. Mattson, of Mayer, Brown & Platt, of Chicago, for appellant Northern Illinois Gas Company.

David H. Armstrong, of Chicago, and James W. Richardson, of Nack, Richardson & Kelly, of Galena, for appellee N-Ren Corporation.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

On February 9, 1979, Northern Illinois Gas Company (hereinafter NI-Gas) filed with the Illinois Commerce Commission (hereinafter Commission) certain tariffs embodying a rate increase of 7.28 percent, which would increase the NI-Gas revenues by approximately $93,000,000.

At the hearing before the Commission on the proposed rate increase, N-Ren Corporation, a customer of NI-Gas, appeared as intervenor and argued for a rate reduction in Rate 12, a contract rate for high volume users with direct connections to a pipeline.

After an extensive hearing, the Commission granted a rate increase to NI-Gas which increased its annual revenues by $3,689,436. From this order of the Commission, NI-Gas appealed to the circuit court of Jo Daviess County seeking an administrative review of the Commission's order. In the same order, the Commission ordered that the existing rate, No. 12, applicable to N-Ren Corporation, be retained; however, the Commission ordered that a rate study be made to determine the cost of service to be conducted by NI-Gas. N-Ren also appealed for administrative review of the Commission's order as it applied to it.

The circuit court in its administrative review hearing reversed the order of the Commission because its findings were against the manifest weight of the evidence on the question of "Weather Normalization" as a factor in rate making and, although not directly, by implication reversed the finding of the Commission as to a fair rate of return on the value of its property to NI-Gas. The order of the circuit court also reversed and remanded the Commission's order as to intervenor N-Ren Corporation, finding that the decision of the Commission to retain Rate 12 was against the manifest weight of the evidence and that the Commission's ruling that a further cost-of-service study should be conducted by NI-Gas, but without a definite time limit for such study, was unfair and that NI-Gas should conduct such a study "at an early date."

The Commission has appealed from the order of the circuit court finding the Commission's order as to weather normalization and the

question of fair valuation as regards to NI-Gas to be against the manifest weight of the evidence and also the finding that the question of a fair valuation of the company's property should be remanded to the Commission for further consideration. N-Ren also appealed from the circuit court's order remanding the rate study question for N-Ren's Rate 12 back to the Commission for further development by NI-Gas but retaining the present rate pending the completion of that study. General Motors Corporation, which cross-appealed on a question of valuation for rate making purposes has, in effect, withdrawn its appeal.

NI-Gas also appealed to this court from the order of the circuit court reversing the order of the Commission. The Commission has filed a motion to dismiss the appeals of NI-Gas and N-Ren Corporation on the ground that, having appealed the decision of the Commission and the circuit court having reversed the order of the Commission, these parties have succeeded in their appeal and cannot appeal the order granting them the relief sought.

NI-Gas has filed objections to the motion to dismiss the appeal, contending that the rule that the successful party cannot appeal where the appeal in its favor is not applicable where such party got less than it asked for in the appeal and that the rule applies only where the successful party received the precise relief prayed for in the appeal. NI-Gas argues that it did not receive the precise relief it prayed for, therefore it can still prosecute an appeal on the parts of the judgment not favorable to it.

■■ While in some cases this might be true (see *Bullman v. Cooper* (1936), 362 Ill. 469), the general rule is that the successful party cannot appeal from those parts of a decree which is in its favor, in order to reverse or modify certain aspects of the decree or judgment. In *Illinois Bell Telephone Co. v. Illinois Commerce Com.* (1953), 414 Ill. 275, 282-83, the court said:

> "It is fundamental that the forum of courts of appeal should not be afforded to successful parties who may not agree with the reasons, conclusion or findings below."

See also *People ex rel. Jones v. Adams* (1976), 40 Ill. App. 3d 189; *Illinois Legislative Investigating Com. v. Markham* (1977), 52 Ill. App. 3d 105, which express this view.

The United States Supreme Court in *New York Telephone Co. v. Maltbie* (1934), 291 U.S. 645, 78 L. Ed. 1041, 54 S. Ct. 443, and in *Lindheimer v. Illinois Bell Telephone Co.* (1933), 292 U.S. 151, 78 L. Ed. 1182, 54 S. Ct. 658, dismissed the utilities' appeals on the ground that by the order of the lower court they had achieved the objectives sought in the appeal and could not further appeal for a modification or refinement of the order. In the latter case the court said that the Commission's order reduced rates applicable to a large part of the interstate service of Illinois

Bell. In a suit brought by Illinois Bell, an interlocutory injunction was granted upon the condition that if the injunction was dissolved the company should refund the amounts charged in excess of the challenged rates. Upon final hearing, the United States District Court made the injunction permanent. The supreme court reversed that decree and remanded for further proceedings. Upon remand, the district court made new findings and entered a final decree which permanently enjoined the enforcement of the Commission's order and released the company from the obligation to refund the moneys which had been collected pending disposition of the suit. The State authorities and the city appealed. Illinois Bell brought a cross-appeal to review the findings below, insisting that its property had been undervalued and that substantial amounts of its operating expenses had not been allowed. The supreme court dismissed the cross-appeal, saying that inasmuch as Illinois Bell had been successful in the district court it had no right to appeal from the decree in its favor. It was not, the court said, entitled to prosecute such an appeal to obtain a review of the findings of the lower court with respect to the value of the company's property or the other findings complained of. Illinois Bell's cross-appeal was therefore dismissed.

NI-Gas contends that the general rule stated above does not apply to it in this case because the trial court's judgment order contained findings adverse to its interest in several respects, therefore it cannot be regarded as having "won" the appeal and should have the right to appeal the court's findings which it considers unfavorable. In other words, it wishes affirmance of the reversal of the Commission's order but with some modifications of the trial court's judgment modifying or changing certain findings made by the trial court.

While it may be conceded that not every finding in the trial court's judgment order is favorable to NI-Gas in that in reversing the Commission's order it ignored or did not accept some of NI-Gas' contentions, NI-Gas' main purpose in the appeal was accomplished—to set aside the Commission's order. However, it is our opinion, based on the Illinois cases as we read them, that the Commission's order must be set aside in its entirety and cannot be reversed in part and affirmed in part or modified in part as desired by NI-Gas. The decisions on orders of the Illinois Commerce Commission do not, as do those of most administrative agencies, come under the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*). Its decisions come under the Public Utilities Act (Ill. Rev. Stat. 1979, ch. 111 2/3, par. 1 *et seq.*), and section 68 of that Act (Ill. Rev. Stat. 1979, ch. 111 2/3, par. 72) provides the exclusive procedure for setting aside an order of the Illinois Commerce Commission. (See *Scherer Freight Lines, Inc. v. Illinois Commerce Commission* (1962), 24 Ill. 2d 359.) Thus, the provision in the Administrative Review Act to the

effect that the circuit court in reviewing an administrative decision can affirm in part and reverse in part does not apply to a decision of the Illinois Commerce Commission. What NI-Gas sought in its appeal, couched in the conventional language of such appeals, was to have the circuit court inquire into the reasonableness and lawfulness of the Commission's order with the implication, of course, that such an order may be set aside if it is not found to be reasonable and lawful. This appears to be the extent of the circuit court's power in reviewing a decision of the Commission. The circuit court has the power to remand, in the words of the statute, "[i]f it appears that the Commission failed to receive evidence properly proffered, on a hearing or a rehearing, or an application therefor," in which case the circuit court "shall remand the case to the Commission with instructions to receive the testimony so proffered and rejected, * * * unless it shall appear that such new evidence would not be controlling," but this language clearly does not purport to give a general power to the circuit court to reverse in part and affirm in part and remand for further consideration of the issues remanded. (Ill. Rev. Stat. 1979, ch. 111 2/3, par. 72.) A long line of Illinois decisions runs contrary to this concept of the circuit court's power in reviewing decisions of the Commission.

In *People's Gas Light & Coke Co. v. City of Chicago* (1923), 309 Ill. 40, the circuit court remanded the case to the Commission for the purpose of making specific findings of fact showing upon what basis the Commission arrived at a certain valuation. In commenting on the trial court's error in so doing, our supreme court said:

> "There is but one instance where the court has authority to remand the cause to the commission, and that is where it appears the commission failed to receive evidence properly offered, in which event the court is authorized to remand the cause to the commission, with instructions to receive the testimony so offered and rejected and to reconsider the case in view of the new evidence. It is clear from this record that the circuit court of Sangamon county did not inquire into and determine the reasonableness or lawfulness of the decision of the commission, as the statute directs. The judgment entered does not decide the merits of the controversy and neither confirms nor sets aside the decision of the commission.
>
> Section 69 of the Public Utilities act provides that appeals may be taken to this court 'from all final orders and judgments entered' by the circuit court in review of the decisions of the commission, but no authority is anywhere given to appeal from a judgment that does not finally dispose of controverted questions. Except in the single instance above noted, which does not apply to this case, the circuit court has no authority to enter any but a final order. In

entering the judgment from which this appeal was taken, the circuit court misconceived its authority and did not enter a final order confirming or setting aside the commission's decision." 309 Ill. 40, 42.

Of like import is *Illinois Central R.R. Co. v. Commerce Com.* (1930), 342 Ill. 11. There the circuit court found the Commission order to be against the manifest weight of the evidence and set it aside. Illinois Central Railroad appealed, contending that the circuit court should have remanded the case to the Commission after it found the Commission's order to be unlawful or unreasonable; however, the supreme court, commenting on this contention, said:

"Under section 68 of the Commerce Commission act, if it appears that the commission failed to receive evidence properly proffered, the court is required to remand the case to the commission, with instructions to receive the testimony so offered and to enter a new order based upon the evidence theretofore taken and such new evidence as it is directed to receive, unless it shall appear that such new evidence would not be controlling, in which case the court shall so find in its order. This appeal does not come under the provisions of this section, because the record does not show that the commission failed to receive any evidence properly proffered. The section allows an appeal to the circuit court for the purpose of having the reasonableness or lawfulness of the order inquired into and determined, and the judgment of the court on appeal is a final order confirming or setting aside the commission's decision. This order disposed of the whole case on the merits. Upon a remandment of the cause the commission could have made no order except one dismissing the petition.

The judgment of the circuit court is affirmed." 342 Ill. 11, 26.

Perhaps the leading case on this point is *Brotherhood of Railroad Trainmen v. Elgin, Joliet & Eastern Ry. Co.* (1940), 374 Ill. 60. The Brotherhood complained to the Commission about the lack of drinking water and proper water containers and drinking cups in caboose cars. After a hearing, the Commission ordered the railroad (1) to furnish ice and water containers and drinking cups in the cabooses operating in Illinois, and (2) to require its supplymen in its East Joliet yard to fill and replenish the containers and to maintain an adequate supply of drinking cups. On appeal to the circuit court, that court found that the order was supported by the evidence, but that part of the order requiring the service to be performed by specific employees was arbitrary and void. The court therefore affirmed the Commission's order except as to that portion of the order which required the service to be performed by specific employees and as to that portion of the order it reversed and set the order aside.

Upon appeal, our supreme court reversed the order of the trial court. As to the contention of the Brotherhood that the confirmation of a severable part of the Commission's order and reversal as to the other portion was within the limitation that the court must either set aside or confirm, the supreme court said:

"In reality, an examination discloses that the portions referred to are not independent and severable, but are interdependent both in grammatical construction and legal effect. Apart from this, however, only one order of the commission, and upon it only one issue was presented for review, and the jurisdiction of the court does not extend to a determination of its separate divisions, but only to the decision of the commission as an integrated entity. The consideration of each paragraph, or portion of a paragraph of the commission's order, as a decision complete within itself or the expression of the court's decision in terms other than of amendment, does not avoid the inescapable conclusion that the circuit court has limited, diminished, and changed the form and effect, and, therefore, has actually modified and revised the order of the commission. * * *.

The jurisdiction of this court, under section 69 of the Public Utilities act, to review orders of the circuit court which have been entered upon appeal from decisions of the Commerce Commission cannot be invoked in the absence of a final order of the circuit court, rendered in conformity with the mandate of section 68 of the act. As the circuit court, in the present case, neither confirmed nor set aside the decision of the commission, it follows, necessarily, that it has not finally disposed of the issue presented, in accordance with its delegated jurisdiction and authority." 374 Ill. 60, 64-65.

The same views were expressed by our supreme court in *Illinois Commerce Com. v. New York Central R.R. Co.* (1947), 398 Ill. 11. In connection with an order of the Commission requiring work to be done on certain grade crossings by the railroad, which order the circuit court found to be unlawful and void, the supreme court said, in upholding the circuit court's decision:

"Except in those instances where the commission has failed to receive evidence properly proffered, (citation) the court in reviewing an order of the Commerce Commission must either confirm or set aside the order as a *whole*; and where the court reverses the order because a part of the same is invalid, it need not consider the validity of any other part of the order, since the invalidity of a part renders the entire order void." (Emphasis added.) 398 Ill. 11, 18-19.

The recent case of *Marathon Oil Co. v. Illinois Commerce Com.* (1977), 52 Ill. App. 3d 368, while decided on the question of new evi-

dence, confirms the principle of the circuit court's limitation as to remandment.

■■ The decisions cited above and the language we have quoted from them make it clear that the order entered by the circuit court in the case before us was not appropriate in that it neither confirmed nor totally set aside the order of the Commission but made disparate rulings on its several paragraphs, treating each issue as severable and the Commission's rulings thereon as subject to affirmance or remandment, disregarding the unity of the Commission's order.

In our opinion, the circuit court exceeded its authority, and its order remanding certain parts of the Commission's order and affirming the rest was a nullity and not in proper form to present the issues raised by NI-Gas and N-Ren. The appeals of NI-Gas and N-Ren must accordingly be dismissed.

However, the circuit court order in effect set aside the order of the Commission, and to that extent was appealable by the Commission.

We have carefully examined the record, and we find that the circuit court properly found that several of the Commission's findings were against the manifest weight of the evidence. The circuit court therefore should have set aside the Commission's order. All beyond that was nullity.

The order of the circuit court of Jo Daviess County is therefore affirmed in part and reversed in part, and the cause is remanded to that court with directions to set aside the order of the Commission dated January 3, 1980, and remand the cause to the Commission for further proceedings not inconsistent herewith.

Affirmed in part; reversed in part and remanded with directions.

HOPF and VAN DEUSEN, JJ., concur.