CITIZENS UTILITIES COMPANY OF ILLINOIS, Respondent-Appellant, v. THE ILLINOIS COMMERCE COMMISSION *et al.*, Petitioners-Appellees.

First District (3rd Division)   No. 86—2840

Opinion filed June 10, 1987.

Chapman & Cutler, of Chicago (Daniel J. Kucera and Frank A. Mraz, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Steven G. Revethis and Douglas W. Trabaris, Special Assistant Attorneys General, of Chicago, of counsel), for appellee Illinois Commerce Commission.

Edward G. Finnegan, of Chicago, for appellee National Boulevard Bank of Chicago.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Respondent Citizens Utilities Company appeals from orders of the Illinois Commerce Commission which direct respondent to cease charging petitioner National Boulevard Bank unjust rates and to refund all charges paid by petitioner to respondent, plus interest.

Respondent contends that the Commission failed to consider evidence as to whether respondent was offering services to petitioner and that the Commission erred in finding that respondent did not provide sewer service to petitioner. Respondent contends further that section 72 of the Public Utilities Act (Ill. Rev. Stat. 1983, ch. 111²/₃, par. 76) is the exclusive remedy for refunding rates paid, and thus the Commission had no authority to award refunds under sections 32 and 64 of the Act (Ill. Rev. Stat. 1983, ch. 111²/₃, pars. 32, 68) and that the section 72 time and interest rate restrictions apply. Respondent also contends that the Commission erred in not allowing respondent to pay the refund by means of a rate surcharge to its sewer customers and that the trial court had no jurisdiction to enter an enforcement order.

Respondent is a public utility engaged in furnishing water and sanitary sewer services in certain areas of Northern Illinois. In January 1975, petitioner became the owner as trustee of an apartment complex within respondent's service territory. In October 1975, petitioner filed a complaint with the Commission against respondent, des-

ignated docket number 60089, regarding the ownership of certain sewer lines and a rebate for sewer charges and late fees paid to respondent. On July 28, 1976, the Commission ordered a rebate of late payment charges, but found it did not have jurisdiction to determine the other issues. Consequently, a declaratory judgment action was filed in the circuit court. The trial court held that respondent owned the sewer mains. This court reversed and entered judgment for the petitioner after finding that the sewer mains were not owned by respondent and that respondent had in fact provided no sewer services to petitioner. (*National Boulevard Bank v. Citizens Utilities Co.* (1982), 107 Ill. App. 3d 992, 438 N.E.2d 471.) The extensive facts reported in that decision will not be repeated here.

In June 1983, petitioner filed a petition to reopen proofs in case No. 60089. On January 4, 1984, the Commission granted the petition, made certain findings of fact, and concluded that respondent had violated section 32 of the Act and must pay a refund to petitioner. The Commission ordered that further evidence was to be taken on the amount of charges to be refunded, whether interest could be charged on the refund, and whether threats to terminate water service in order to enforce payment of the sewer charges violated the Act.

On August 8, 1984, the Commission filed its second order, which adopted the decision and findings of fact made in its January 4, 1984, order. It found further that the evidence showed that the principal amount paid by petitioner to respondent for sewer service between 1975 and June 1982 was $214,211.02. Evidence received included computations using the average annual prime rate of petitioner bank commencing in 1976. The Commission concluded that 10% should be used as the annual interest rate. It ordered respondent to pay $119,173.05 in interest. The Commission subsequently denied respondent's petition for reconsideration. On September 16, 1986, the trial court upheld the Commission's orders in all respects. The trial court also granted petitioner's motion to enforce the August 8, 1984 order.

■ Initially we note that orders of the Commission are presumed valid and will be set aside on review only if the findings are manifestly against the weight of the evidence or the order is directly contrary to established rules of law. (*Village of Maywood v. Illinois Commerce Com.* (1961), 23 Ill. 2d 447, 178 N.E.2d 345, *cert. denied* (1962), 369 U.S. 851, 8 L. Ed. 2d 10, 82 S. Ct. 935; *City of Hurst v. Illinois Commerce Com.* (1983), 120 Ill. App. 3d 354, 458 N.E.2d 568.) An order of the Commission is held to be *prima facie* reasonable, and the burden of proof upon all issues is on the party appealing from the order. Ill. Rev. Stat. 1985, ch. 111⅔, par. 10—201(d).

■■ ■ A court reviewing a Commerce Commission order is limited to a determination of whether the Commission acted within the scope of its authority, made findings to support its decision, made findings and a decision which have a substantial foundation in the evidence, and did not infringe on constitutional rights. (*Illinois Commerce Com. v. New York Central R.R. Co.* (1947), 398 Ill. 11, 75 N.E.2d 411; *Brink's, Inc. v. Illinois Commerce Com.* (1981), 103 Ill. App. 3d 851, 431 N.E.2d 1242.) Respondent maintains that the decision must be affirmed or set aside as a whole. (See *Boles Trucking, Inc. v. O'Connor* (1985), 138 Ill. App. 3d 764, 486 N.E.2d 362; *N-Ren Corp. v. Illinois Commerce Com.* (1981), 98 Ill. App. 3d 1076, 423 N.E.2d 1386.) As of January 1, 1986, however, the reviewing courts now have the power to affirm or reverse a Commission order in whole or in part and to remand with such instructions as may be proper. Ill. Rev. Stat. 1985, ch. 111⅔, par. 10—201(e).

■ Respondent contends that the Commission erred in refusing to consider evidence of whether respondent actually provided sewer service to petitioner and that the evidence shows respondent did in fact provide sewer service. Respondent argues that the Commission erroneously relied on *dicta* in *National Boulevard Bank v. Citizens Utilities Co.* Respondent maintains that the only issue in *National Boulevard Bank* was whether or not respondent owned the sewer mains and that any language regarding sewerage service was *dicta*.

Respondent misreads *National Boulevard Bank*. Our resolution of the ownership issue rested in part on whether or not respondent provided sewer service. An easement transferred the sewer lines only if used by the utility in rendering service. The issue of service was relevant, material, and inextricably bound together with the issue of ownership and therefore was necessary to our decision. We expressly held: "There was, however, no evidence that the company had rendered any sewerage service and thus had used the mains for that purpose. *** [I]t is apparent from the record that while defendant collected sewer charges for 10 years, it in fact rendered no service." (*National Boulevard Bank v. Citizens Utilities Co.* (1982), 107 Ill. App. 3d 992, 1005, 438 N.E.2d 471.) Thus, the language was not *dicta*, as respondent argues, and under the principles of *res judicata* the parties here are bound by our decision in *National Boulevard Bank*. The Commission properly relied upon that holding in refusing to relitigate the issue of whether service was provided.

■ Respondent next contends that section 72 of the Act is the exclusive remedy for refund of rates paid. Section 72, entitled "Reparation for overcharge—Investigation of claims against public utilities,"

falls within article 5 of the Act, "Proceedings Before the Commission and in the Courts." (Ill. Rev. Stat. 1975, ch. 111⅔, par. 76.) Section 72 provided in 1975, when the original complaint was filed, that any claim under that section for reparations for excessive charges by a utility were to be filed within one year of the time that the services were provided. (Ill. Rev. Stat. 1975, ch. 111⅔, par. 76.) At the time the petition to reopen proofs was filed in 1983, the limitation had been extended to two years. (Ill. Rev. Stat. 1983, ch. 111⅔, par. 76.) Section 72 provides that when the Commission has found that a public utility "has charged an excessive or unjustly discriminatory amount" for its service, the Commission "may order that the public utility make due reparation to the complainant therefor, with interest at the legal rate from the date of payment of such excessive or unjustly discriminatory amount." (Ill. Rev. Stat. 1983, ch. 111⅔, par. 76.) In an excessive rate case, this section provides the exclusive remedy. (*Alton Brick Co. v. Alton Water Co.* (1963), 42 Ill. App. 2d 451, 192 N.E.2d 599.) Thus, customers alleging they were overcharged by the utility and that the utility's rates are excessive must seek a refund under section 72.

The complaint here, however, does not involve allegations of excessive rates or incorrect billings to a customer by a utility for services rendered. Instead, it involves findings that for seven years a utility charged a noncustomer for services which were never rendered. The allegations challenge a public utility's unjust conduct, invoking the Commission's power under sections 32 and 64 (Ill. Rev. Stat. 1983, ch. 111⅔, pars. 32, 68) to order the cessation of violations of the Act. There is no challenge to the reasonableness of rates charged between 1975 and 1982. This case differs drastically, therefore, from the typical section 72 excessive rate case.

In issuing the order, the Commission relied on sections 64 and 32 of the Act. Section 64 of the Act authorizes the Commission to hear complaints concerning any violation of the Act committed by a public utility. (Ill. Rev. Stat. 1983, ch. 111⅔, par. 68.) The Commission found that respondent violated the Act when it charged petitioner, a noncustomer, for services never rendered. Such conduct violates section 32 of the Act, which provides that all charges demanded or received by a public utility for "any service rendered *** shall be just and reasonable." (Ill. Rev. Stat. 1983, ch. 111⅔, par. 32.) Every unjust or unreasonable charge made by a public utility for services "is hereby prohibited and declared unlawful." (Ill. Rev. Stat. 1983, ch. 111⅔, par. 32.) Any service furnished by the utility shall be "adequate, efficient, just and reasonable." (Ill. Rev. Stat. 1983, ch. 111⅔, par. 32.) Under

the facts presented here, the Commission was entitled to find that it would be difficult to envision "a more unjust and unreasonable charge than for a service never rendered by a utility."

Respondent relies upon *Malloy v. Illinois Bell Telephone Company* (1973), 12 Ill. App. 3d 483, 299 N.E.2d 517, and *Burke v. Illinois Bell Telephone Company* (1952), 348 Ill. App. 529, 109 N.E.2d 358, for the proposition that the present case must be brought under section 72. Both cases, however, involved customers' claims for refunds due to a deficiency in or brief interruption of continuous service. In contrast, instead of a brief interruption or deficiency in service, this case involves a complete absence of any service.

Having found that the Commission had the authority to hear the complaint and that the Commission was entitled to conclude that a violation existed, we must determine whether the Commission had the authority to enter the order at issue and whether that order was reasonable and supported by substantial evidence. Ill. Rev. Stat. 1985, ch. 111⅔, par. 10—201(e)(iv).

■ We have already concluded that the Commission did not order reparations under section 72. The Commission has no general authority to fashion an award of damages. (*Barry v. Commonwealth Edison Co.* (1940), 374 Ill. 473, 29 N.E.2d 1014.) We find, however, that the Commission neither fashioned an award of damages nor awarded reparations. Instead, it ordered respondent to cease violating the Act by imposing unjust charges on petitioner, a noncustomer, for services never rendered. Section 65 provides that "nothing in this Act shall be taken to limit or restrict the power of the Commission *** to take such action as it may deem necessary in connection" with any investigation. (Ill. Rev. Stat. 1983, ch. 111⅔, par. 69.) Clearly the Commission is authorized to hold a hearing and order a public utility to cease violating the Public Utilities Act (Ill. Rev. Stat. 1983, ch. 111⅔, pars. 68, 69). The fact that a payment of money by respondent to petitioner is made necessary by the effect of the order is incidental and is merely required to effectuate the order. See *Ferndale Heights Utility Co. v. Illinois Commerce Com.* (1982), 112 Ill. App. 3d 175, 445 N.E.2d 334.

Respondent cites *Medusa Portland Cement Co. v. Illinois Central R.R. Co.* (1936), 287 Ill. App. 549, 5 N.E.2d 782, as support for its argument that sections 32 and 64 are inapplicable here. In *Medusa*, however, the issue was excessive rates, unlike the present situation which involves rates charged for nonexistent sewer service.

Respondent next maintains that under section 72 it would only be required to refund one or two years of payments, instead of seven

years as ordered by the Commission. As we have stated, section 72 is inapplicable and thus its time limitations aer irrelevant. No similar limitation clause appears in sections 32 or 64. (Ill. Rev. Stat. 1983, ch. 111⅔, pars. 32, 68.) In fact, the Commission could, on its own motion, make a complaint regarding any violation of the Act (Ill. Rev. Stat. 1983, ch. 111⅔, par. 68).

■ Furthermore, the Commission was entitled to find that the petition to reopen proofs relates back to the original complaint and was not a new complaint. The same matters were raised as in the original docket No. 60089. Respondent still contests the same issues of ownership, refunds and interest rates. Moreover, the Commission expressly found that the new docket number was merely a convenience because a new numbering system had been instituted. Under section 67, the Commission retains the authority, at any time, to rescind, alter or amend its orders, and the altered order will have the same force and effect as the original order. (Ill. Rev. Stat. 1983, ch. 111⅔, par. 71.) Because the petition relates back to the original complaint, even if section 72 were applicable, the one- or two-year limitation clause would not limit petitioner's recovery.

■ Respondent also contends that the Commission erred in imposing a 10% rate of interest on the principal to be refunded. Respondent argues that if this is not a section 72 case, no interest should be charged, because section 72 is the only provision in the Act which refers to the Commission's authority to impose interest in addition to a refund. We find that the Commission had the authority to impose interest rates on the refund under the same reasoning which gives it authority to order the refund. See *Ferndale Heights Utility Co. v. Illinois Commerce Com.* (1982), 112 Ill. App. 3d 175, 445 N.E.2d 334.

The Commission reviewed evidence regarding the interest rate, including evidence that petitioner had loans outstanding from 1975 through June 1982 at two points over the prime rate. The Commission also noted petitioner's exhibit No. 5, which calculated the interest based upon the average prime rate from 1976 through December 31, 1983. The Commission, however, had "difficulty in accepting" petitioner's calculations which asked for the prime rate to be used as a basis for determining interest. Instead, it set the rate at 10%, citing several bases for its decision. The Commission relied on its own Rule 280.75 (83 Ill. Adm. Code 280.75 (1985)), which permits the Commission to levy interest on a refund; its 1984 resolutions which set interest rates at 10% for section 72 overcharge refunds and customer deposits; and on equitable principles.

The resolutions are prospective in nature and do not purport to set interest rates for the years prior to 1984. Apparently the interest rate chosen by the Commission varies from year to year, and in 1986, for example, the interest rate for customer deposits dropped to 6%. In the present case, the refund is for the years 1975 to 1982, yet there is no evidence as to the interest rates used by the Commission for comparable refunds during those years. Equitable principles raised by the Commission are not relevant where its authority, along with the reviewing court's authority, is purely statutory. Furthermore, it is unclear how the Commission arrived at the specific figure of $119,173.05.

■ We hold that the Commission's setting the rate at 10% was unreasonable and unsupported by substantial evidence. The Act's only reference to an interest rate is in section 72, where refunds for overcharges include interest "at the legal rate or at a rate prescribed by rule of the Commission"; and reparation for excessive or unjustly discriminatory amounts included "interest at the legal rate." (Ill. Rev. Stat. 1983, ch. 111⅔, par. 76, now codified in Ill. Rev. Stat. 1985, ch. 111⅔, par. 9—252.) We conclude that the only reasonable decision would have been to impose an interest rate of 5%. We affirm the Commission's order requiring respondent to refund the $214,211.02 in principal to petitioner. We remand the cause in regard only to the issue of interest. Under our powers granted by section 10—201(e)(v) (Ill. Rev. Stat., 1986 Supp., ch. 111⅔, par. 10—201(e)(v)), we instruct the Commission to compute the interest at a rate of 5% and order respondent to pay that amount in addition to the principal amount which it has already been ordered to pay.

■ Respondent next contends that it should be permitted to meet the refund by imposing a surcharge on its sewer customers. Typically, such a surcharge is allowed in cases where there was an unusual justifiable cost incurred by the utility in the course of serving the public. In 1984, the Commission stated that the matter "should have been resolved long ago. Respondent has been aware for almost nine years that it may have to refund sewer charges collected from Petitioner. It would be unfair and unreasonable to burden ratepayers with a surcharge." Thus, it concluded that the burden of paying the sewer charge refunds should be borne by respondent's shareholders, and thus no surcharge of sewer customers would be authorized. Respondent has failed to point to any section of the Act which would require the Commission to permit a utility which charges for services it did not provide to pass the cost of the refund on to its customers. The Commission's finding on this issue was not unreasonable or incorrect

as a matter of law.

██ Respondent finally contends that the trial court did not have jurisdiction to enter an order to enforce the Commission's order and that petitioner must file a separate enforcement action in the circuit court. The enforcement order is vacated because we are remanding the cause, and thus we need not address this issue. In the event that the question arises on remand, we note that since 1975, petitioner has filed a complaint with the Commission; a declaratory judgment action in the trial court; an appeal from the declaratory judgment ruling; a petition to reopen proofs with the Commission; a defense of the appeal in the trial court and in this court; and several motions for enforcement. A public utility should not be permitted to simply ignore an express order of the Commerce Commission and later urge that, notwithstanding its own failure to request a stay of the Commission's order, petitioner bears the burden of instituting still another action in order to ensure respondent's compliance with the order.

In summary, the order of the Commission is affirmed in all respects except for the imposition of interest at the rate of 10%. That part of the Commission order imposing interest at the rate of 10% is vacated. The cause is remanded with directions to compute interest at the legal rate of 5% on the principal amount of $214,211.02 from 1975 to June 1982. The enforcement order entered by the circuit court on September 16, 1986, is hereby vacated. The stay of the enforcement order entered by this court on November 26, 1986, is also hereby vacated.

For the foregoing reasons, the judgment of the circuit court of Cook County upholding the decision of the Commerce Commission is affirmed in part and vacated in part.

Affirmed in part; vacated in part, and remanded with directions.

RIZZI and FREEMAN, JJ., concur.